# WARREN v. KEEP.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF NEW YORK.

No. 60. Argued and submitted November 8, 1894. — Decided December 3, 1894.

This court will not reverse the conclusions of the master, sustained by the court below, upon the extent of the infringement of a patent, when the evidence is conflicting, unless some obvious error or mistake is pointed out.

Where a patent is for a particular part of an existing machine, it is necessary, in order to establish a claim for substantial damages for infringement, to show what portion of the profits is due to the particular invention secured by the patent in suit ; but when the patented invention is for a new article of manufacture, the patentee is entitled to damages arising from the manufacture and sale of the entire article.

The defendants not having set up in the court below a claim for an allowance of manufacturer's profits, or offered evidence by which it could be estimated, there is no foundation on which to base such a claim in this court.

THE case is stated in the opinion.

*Mr. Esek Cowen* for appellants submitted on his brief.

*Mr. Nelson Davenport* for appellee.

Mr. Justice Shiras delivered the opinion of the court.

On the 14th day of March, 1881, William I. Keep filed a bill of complaint in the Circuit Court of the United States for the Northern District of New York, against John Hobert Warren, Joseph W. Fuller, George A. Wells, and Walter P. Warren, alleging complainant's ownership of several letters patent and infringement by the defendants.

The subject-matter of the letters patent was certain devices and designs for base-burning stoves and stove grates.

The case was put at issue by an answer and replication, but on the 20th day of March, 1883, a decree was entered by consent, declaring the validity of the letters patent set forth in the bill, and infringement by the defendants of some of them.

The decree directed that an account should be taken for profits and damages upon all the patents so declared to be infringed, but contained the following provision: " That such gains, profits, damages, and accounting shall not apply to any stoves made or sold by said defendants before February 1, 1876, nor to any grates made or sold by said defendants before that date, except as to grates covered by said letters patent No. 139,583, and supplied by defendants after January 1, 1876, to stoves originally sold by them without such grates."

The master found that, between January 1, 1876, and January 1, 1882, the defendants sold grates upon which the profits amounted to $11,363.54, and that amount, with six cents' damages and costs, were awarded by the master to and in favor of the complainant.

Exceptions to this report were filed by the defendants, alleging that the evidence did not sustain the master in finding the number of the infringing grates sold by the defendants, nor in finding the amount of profits which the defendants had realized from the infringement.

The court below sustained an exception to the action of the master in allowing the sum of $348.00 as profits on four hundred grates, made and sold by the defendants between January 1, 1879, and July 1, 1879, but overruled the other exceptions, and entered a final decree in favor of the complainant for the sum of $10,510.86 with costs, from which decree the defendants appealed to this court.

The first error insisted upon is that the evidence did not justify the master in finding the number of grates sold by the defendants during the six years over which the accounting extended. The defendants' contention is not that due effect was not given to the evidence adduced on their behalf, but that the plaintiff's evidence, consisting chiefly of the testimony of Keep himself, did not clearly establish the number of the infringing grates sold.

Our examination of this part of the subject has not enabled us to approve the defendants' contention. The master's action in restricting his finding to grates sold as separate and independent articles, and in excluding from the account all grates which were sold in or with a stove, was quite as favorable to the defendants as they had any right to claim. In finding the number of grates sold during the period in question, as separate articles, the master depended chiefly on the entries in the defendants' books, as testified to and explained on the part of the complainant by Keep, who had been engaged with the defendants for more than eight years, and claimed to be thoroughly acquainted with their methods of business, and, on the part of the defendants, by L. W. Drake, who was their assistant superintendent. There was a considerable amount of this evidence; and it was, to some extent, conflicting. The master acted in view of this evidence, and the court below concurred in his finding, except in some unimportant particulars. As no obvious error or mistake has been pointed out to us, their conclusions must be permitted to stand. *Tilghman* v. *Proctor*, 125 U. S. 136; *Crawford* v. *Neal*, 144 U. S. 585; *Furrer* v. *Ferris*, 145 U. S. 132.

Assuming that the number of infringing grates sold by the defendants was correctly found, we have next to consider

whether the master erred in awarding to the complainant the entire profits made upon the grates so sold. The appellants' contention is that there was no evidence tending to show how much of the profits was due to the complainant's invention, and that hence he was entitled to recover nominal damages only. It is, no doubt, well settled that where a patent is for a particular part of an existing machine, it is not sufficient to ascertain the profits on the whole machine, but it must be shown what portion of the profits is due to the particular invention secured by the patent in suit. *Blake* v. *Robertson,* 94 U. S. 728; *Dobson* v. *Hartford Carpet Co.,* 114 U. S. 439. But it is equally true that, where the patented invention is for a new article of manufacture, which is sold separately, the patentee is entitled to damages arising from the manufacture and sale of the entire article. *Manufacturing Co.* v. *Cowing,* 105 U. S. 253; *Hurlbut* v. *Schillinger,* 130 U. S. 456; *Crosby Valve Co.* v. *Safety Valve Co.,* 141 U. S. 441.

The grates, on whose sale the master assessed profits, were not sold as an incident to any particular stove, but as an independent, marketable article, and the infringers must pay the entire profits realized from the sale thereof. The statement that, at this late day, there can be a grate, for use in ordinary stoves, which is entirely new, and patentable in all its parts and as an entirety, is somewhat surprising; but that is what we learn from this record. The patent infringed contains eight claims, of which seven are for the several parts of the grate, and the eighth for the entire device, and the defendants are precluded by the decree, to which they consented, from contending that the plaintiff is to be restricted, in his demand for damages, to any one feature or part of the grate.

It is further claimed that the master ought to have reported nominal damages only, because there was evidence before him to the effect that the defendants, at the time they made and sold the complainant's grate, likewise made and sold another kind of a grate, called the Hathaway grate, and that the same price was received for both kinds. From this it is said to follow that there was no advantage derived by the defendants from the manufacture and sale of the complainant's grate,

above that which they would have received had they made and sold the Hathaway grate only. We do not think that the consequence suggested necessarily follows as matter of fact, nor that it has any relevancy as matter of law.

*Mowry* v. *Whitney*, 14 Wall. 620, and *Littlefield* v. *Perry*, 21 Wall. 205, which are relied on by the defendants to sustain this contention, were both cases in which the patented features were so blended with other features not covered by the patent that it became necessary to inquire what portion of the defendants' profits was due to the patented features, and to apportion the profits accordingly. Thus it was said in *Mowry* v. *Whitney*, p. 652 : " The patent is for an entire process, made up of several constituents. The patentee does not claim to have been the inventor of the constituents. The exclusive use of them singly is not secured to him. What is secured is their use when arranged in the process."

In *Littlefield* v. *Perry*, the patent was for certain improvements in cooking stoves, and the court below, having found an infringement, decreed an account " of all the profits, gains, and advantages which the said defendants have received, or which have arisen or accrued to them, from the manufacture, use, or sale of stoves embracing the improvements described in and covered by the said letters patent." This court said, p. 228 : " The decree is, as we think, too broad. . . . The order is to account for all profits received from the manufacture, etc., of stoves embracing the improvements covered by any of the patents. This would cover all the profits made upon a stove having in it any one of the improvements patented. The true inquiry is as to the profits which the defendants have realized as the consequence of the improper use of these improvements. Such profits belong to the plaintiff, and should be accounted for to him."·

We think the court below was justified in saying: " The complainant's grate was made and sold separately from stoves. Unquestionably it was intended for use in stoves; but so are many devices that may be the subject of distinct inventions. It was not sold for use in one pattern of stove alone ; it could be used in many different stoves. Although in general appear-

ance like other grates, it is so constructed that no part can be used upon any other grate, and no parts of other grates can be used upon it. Remove the patented features, and nothing remains. Although it is an improvement upon stoves, the complainant is not seeking to recover the profits upon the stoves, but upon the improvement only. The rule requiring that the profits arising from the patented features must be separated from those arising from the unpatented features has little application in a case where every feature is patented."

Finally, it is contended that the master and the court below erred in not allowing credit to the defendants for a manufacturer's profit.

We are relieved from considering what might be a problem of some difficulty, namely, when a complainant's damages are to be measured by the profits of the defendant, what credit should be allowed to the latter, as a mere agency for producing the patented article, for a so-called manufacturer's profit, by the fact that the defendants, neither before the master nor in the court below, made any claim for such an allowance, or offered any evidence by which it could be estimated. The complainant testified as to the cost of making the grates, and stated that he included in his estimate of the cost a manufacturer's profit. As no countervailing evidence was put in by the defendants and no specific exception was made to the master's calculations, that he made no allowance for a manufacturer's profit, we think there is no foundation on which to base such a claim now.

The decree of the Circuit Court is

*Affirmed.*