## LATTIMORE v. HARDSOCG MFG. CO.

(Circuit Court of Appeals, Eighth Circuit. February 21, 1903.)

### No. 1,748.

1. PATENTS—INFRINGEMENT—MEASURE OF DAMAGES.

On an accounting for infringement of a patent for an improvement in miners' lantern holders, where defendant made and sold miners' caps to which it attached the infringing holders, complainant was entitled to recover only the profits made on the holders, and not that made on the caps, which were separate articles, from which the holders were readily detachable, and having a market value when sold alone, and substantially the same value when sold equipped with other lantern holders which defendant was free to use.

Appeal from the Circuit Court of the United States for the Southern District of Iowa.

E. Hayward Fairbanks (Hazen I. Sawyer, on the brief), for appellant.

William McNett, for appellee.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. This is a suit in equity brought by Walter A. Lattimore, the appellant, against the Hardsocg Manufacturing Company, the appellee, for infringement of patent No. 415,-720, issued to the appellant for an improvement in a miner's lantern holder. The Circuit Court found claim 1 of the patent valid; that it

¶ 1. Accounting by infringer of patents for profits, see note to Brickill v. Mayor, etc., of City of New York, 50 C. C. A. 8.

See Patents, vol. 38, Cent. Dig. §§ 567, 572.

had been infringed by the appellee, which was enjoined from further infringing; and a reference was made to William C. Howell, the master in chancery, to assess the appellant's damages resulting from the infringement. The master reported that the appellant was entitled to recover the sum of $211.98, the profits realized by the appellee on the manufacture and sale of the infringing lantern holder, and that the appellant was not damaged beyond the amount of these profits. The Circuit Court confirmed the master's report, and rendered a decree accordingly, and the appellant appealed to this court.

The appellee manufactured and sold miners' caps, and the lantern holders which it manufactured and sold were attached to these miners' caps, and the only question in the case is whether the appellant, in addition to the profits the appellee made upon the manufacture and sale of the lantern holder attached to the caps, is also entitled to receive the profits made upon the sale of the miners' caps themselves. The appellant's patent was not for an entirely new device, but only for an improvement in a miner's lantern holder. There are several other lantern holders in use and on the market, some of which have been in use for a great many years; and any of which might be attached to a miner's cap. A miner's cap, or some equivalent covering for the head, has been in use time out of mind, and their manufacture and sale is open to every one.

These lantern holders can be attached to any hat or cap worn by a miner. One is as necessary as the other. Separated from the cap, the lantern holder is of no service to the miner; but the cap has a merchantable value without any holder, and, when provided with any of the other holders in common use, its selling price is substantially the same as when it was equipped with the appellant's holder. The master found the caps had a value in themselves, separate and distinct from the holder, from which they could readily be detached, and that the value of the caps as a marketable article was not attributable to the patented feature of the appellant's holder. The difference in the cost of the caps and lantern holders was very great. The master finds that 6,379½ dozen lantern holders cost $414.56, while the same number of caps cost $3,906.12, and the profits on the cap with the lantern holder attached were in proportion to the cost of these articles respectively.

Upon these facts, the rule for computing the plaintiff's damages is well settled by repeated decisions of the Supreme Court of the United States. This is not a case where the entire or any considerable value of the article sold is attributable to the patented feature, and profits upon the entire article are only allowable where such article is wholly the invention of the patentee, or where its entire value is properly and legally attributable to the patented feature. Sessions v. Romadka, 145 U. S. 29, 12 Sup. Ct. 799, 36 L. Ed. 609. In McCreary v. Penn. Canal Co., 141 U. S. 459, 12 Sup. Ct. 40, 35 L. Ed. 817, the Supreme Court say that, where the "device is a mere improvement upon what was known before, and was open to the defendant to use, the plaintiff is limited to such profits as have arisen from the use of the improvement over what the defendant might have made by the use of that or other devices without such improvements. This

is a familiar doctrine, announced by this court in a number of cases." And in Warren v. Keep, 155 U. S. 265, 15 Sup. Ct. 83, 39 L. Ed. 144, the court said that it was "well settled that, where a patent is for a particular part of an existing machine, it is not sufficient to ascertain the profits of the whole machine, but it must be shown what portion of the profits is due to the particular invention secured by the patent in suit." See, to the same effect, Garretson v. Clark, 111 U. S. 120, 4 Sup. Ct. 291, 28 L. Ed. 371; Mowry v. Whitney, 14 Wall. 620, 20 L. Ed. 860; Seymour v. McCormick, 16 How. 480, 14 L. Ed. 1024; Dobson v. Hartford Carpet Co., 114 U. S. 439, 5 Sup. Ct. 945, 29 L. Ed. 177; Littlefield v. Perry, 21 Wall. 205, 22 L. Ed. 577. The damages were assessed by the master in conformity to this rule.

The decree of the Circuit Court is affirmed.