## CRAWFORD v. BRIANT et al.

### No. 461.

Circuit Court of Appeals, Tenth Circuit.

Nov. 27, 1931.

Alger Melton, of Chickasha, Okl., and R. M. Rainey, of Oklahoma City, Okl. (Adrian Melton, of Chickasha, Okl., Virgil T. Seaberry, of Eastland, Tex., Streeter B. Flynn and Frank G. Anderson, both of

Oklahoma City, Okl., Melton & Melton, of Chickasha, Okl., Turner, Seaberry & Springer, of Eastland, Tex., and Rainey, Flynn, Green & Anderson, of Oklahoma City, Okl., on the brief), for appellant.

Frank M. Bailey, of Chickasha, Okl. (Alex Collins, H. E. Jackson, and Scott Snodgrass, all of San Angelo, Tex., Harry Hammerly, of Chickasha, Okl., J. B. Hubbard, of Belton, Tex., Bailey & Hammerly, of Chickasha, Okl., Collins, Jackson & Snodgrass, of San Angelo, Tex., and Jas. B. Hubbard, of Corpus Christi, Tex., on the brief), for appellees.

Before COTTERAL and PHILLIPS, Circuit Judges, and JOHNSON, District Judge.

PHILLIPS, Circuit Judge.

Jessie Sugg Crawford, hereinafter called plaintiff, brought this suit against E. S. Briant, executor of the estate of J. D. Sugg, deceased, Ela Sugg, Calvin H. Sugg, Andrew A. Sugg, Bell McCown, Nettie McGown and R. L. Gibson, hereinafter called defendants, upon an alleged oral contract to make a will. Plaintiff alleged that on July 27, 1925, J. D. Sugg, in consideration of her promise to remain with him and care for him as long as he lived, agreed to devise and bequeath to her certain shares of stock of the First National Bank of Chickasha, Oklahoma, and the north 115 feet of lots 1 and 2 in block 46, city of Chickasha, and prayed for a decree awarding specific performance of such contract and adjudging that such defendants hold the title to such property in trust for her and that they account to her for the rents and profits thereof.

The case was referred to a special master.

Sugg died on August 11, 1925, aged 72 years, seized of the bank stock and real estate involved in this controversy and other property of the aggregate value of three and one-half million dollars. At the date of Sugg's death and at the time of the trial below, such bank stock was worth $110,000 and such real estate $32,500.

On February 2, 1915, Sugg made his last will and testament. He made codicils to such will on April 27, 1921, and on July 18, 1925. The will with the codicils attached was probated in Irion County, Texas, and in an ancillary proceeding in Grady County, Oklahoma. Briant is in possession and control of such bank stock and real estate as the executor of such estate.

By Item 11 of such will, which was not affected by such codicils, a legacy of $5000 was bequeathed to each child of William Sugg born during the testator's life-time. Plaintiff is a daughter of William Sugg.

Item 7 of the second codicil bequeathed to Francis M. Dougherty 200 shares of the capital stock of the First National Bank of Chickasha.

Item 25 of the will reads as follows:

"The rest and residue of my estate, I give and bequeath unto my nephews and nieces, R. L. Gibson, Mrs. Bell McCown, Mrs. Nettie McGown, Ela Sugg, Calvin H. Sugg, Andrew A. Sugg, William Sugg, Tillman Sugg, Cassie Brown and Stephen Gibson."

On November 26, 1926, plaintiff with full knowledge of the provisions of such will and codicils accepted $5,000 from such executor in payment of the legacy provided by Item 11 of the will. She has not returned or offered to return such legacy to the executor.

With the exception of the 200 shares bequeathed to Dougherty, such bank stock and real estate were a part of the residuary estate left by Sugg and were disposed of by Item 25 of his will.

On September 13, 1926, Stephen Gibson, William Sugg, Tillman Sugg, and Casey Brown, for a valuable consideration, transferred their interest under such will, with certain exceptions not here material, to Andrew A. Sugg, Ela Sugg, and Calvin H. Sugg. Such transfer included such real estate and all of such bank stock except that disposed of by Item 7 of the second codicil.

Plaintiff commenced this action July 12, 1927. Prior to that time she had made no claim to the executor or the beneficiaries under such will and codicils upon such contract.

From 1922 until the time of his death, Sugg lived at the home of Ben F. Johnson in Chickasha. Early in 1922 he underwent an operation for a gall bladder ailment. He became ill again in 1924 with cancer of the stomach. He was examined at the Mayo Clinic and also by a stomach specialist of Memphis, Tennessee. He was told that his case was hopeless and that he would probably live from three months to two years.

The foregoing facts are not in dispute.

Plaintiff testified that in April, 1925, she went to the Johnson home to take care of

Sugg; that he arose in the morning and spent the forenoon at his office, but remained in bed during the rest of the day; that she dressed and undressed him; that in June she returned to Sulphur, Oklahoma, to prepare a room for Sugg at her home with the expectation of taking him there and caring for him; that during her absence Sugg went to the Mayo Clinic, where he remained about one week; that shortly after his return she went back to the Johnson home where, with the exception of two short intervals, she remained and continued to nurse and otherwise care for Sugg day and night until his death.

Plaintiff further testified that she would have rendered him the same services had he not promised to give her anything.

R. S. Bailey and C. L. Owen testified to conversations between them and Sugg in the presence of plaintiff on or about August 1, 1925, in which Sugg said that plaintiff had promised to stay and take care of him as long as he lived, and that he was going to give her his stock in the First National Bank of Chickasha and such real estate. Plaintiff testified to the same conversations.

Plaintiff also testified that early in August, 1925, Sugg sent for E. S. Briant, his secretary; that Briant arrived on Sunday night, August 9; that after instructing Briant as to another matter, Sugg further said, "Mr. Briant, then I want to take care of Jessie; I want you to fix up her part"; that Briant said he would attend to everything in the morning; that Sugg became unconscious that night and remained so until about one thirty o'clock in the morning of August 11, when he died. Briant denied that Sugg sent for him and refuted plaintiff's testimony as to the conversation between him and Sugg on August 9. On this important issue of fact the master, who heard the witnesses testify and had the opportunity to observe their demeanor while on the stand, found against plaintiff. The conclusions of a master as to the credibility of witnesses testifying before him and the weight to be given to their testimony, approved by the trial court, will be accepted by the appellate court in the absence of plain error. Wald v. Longacre (C. C. A. 3) 34 F.(2d) 25, 27; Jones v. Jones (C. C. A. 9) 35 F.(2d) 943, 945; Moore v. Ford Motor Co. (C. C. A. 2) 43 F.(2d) 685, 688.

On December 11, 1926, plaintiff wrote a letter to Briant which in part read as follows:

"I received the check you sent which was left to me under the will. I want to thank you very kindly for it. Mr. Briant, I don't want to worry you, but since you are in my Uncle's place, you are the only one to whom I can take my troubles. I want to ask you what you think about my deserving a little consideration from the Sugg estate. I feel I should be remembered because I know Uncle did not intend to leave me out, & of all the relatives I have been with him more, and have done more for him than all the rest."

Plaintiff did not mention such contract in this letter.

Immediately after Sugg's death, Ben F. Johnson, who was cashier of the bank of which Sugg was president, gave $200 to one Miss Green, who for years had been a housekeeper for Sugg. When plaintiff learned of this, she said to Johnson, "I have done as much as she; won't you pay me $200?" Whereupon Johnson gave her a like sum.

The master found that the evidence did not establish such contract.

The master further found that plaintiff accepted the $5000 legacy with full knowledge of the contents of the will and codicils and thereby elected to take under the terms of the will, and concluded that she was estopped to assert any claim or title which would defeat or in any wise prevent the full operation of every other part of the will.

The master also found that plaintiff stood by and failed to assert her alleged claim under such contract until July 12, 1927; that on September 13, 1926, Andrew A. Sugg, Ela Sugg, and Calvin H. Sugg purchased for a valuable consideration a 4/10ths interest in the property which plaintiff alleged Sugg had agreed to will to her; and concluded that she was estopped to assert her alleged cause of action against such purchasers.

Plaintiff filed exceptions to the master's report. The trial court overruled such exceptions, approved the report and entered a decree dismissing plaintiff's bill. Plaintiff has appealed.

Counsel for plaintiff contend that the master erred in his finding with respect to the making of such contract. It must be

admitted that the conversations between Sugg and Bailey and Owen tended to establish that plaintiff had promised to remain with Sugg and nurse and care for him during the remainder of his life, and that he had told her he was going to give her such bank stock and real estate.

Declarations of testamentary intentions and purposes of themselves are not sufficient to constitute a contract to make a will. Van Horn v. DeMarest, 76 N. J. Eq. 386, 77 A. 354; Frye v. Gullion, 143 Iowa, 719, 121 N. W. 563, 566, 21 Ann. Cas. 285; Armstrong's Adm'r v. Shannon, 177 Ky. 547, 197 S. W. 950; Broughton v. Broughton, 203 Ky. 692, 262 S. W. 1089; 13 C. J. p. 287, § 95; 40 Cyc. 1065. They must at least be made under circumstances which give the proposed beneficiary the right to assume that they are made in consideration of a promise or an act on his part and with the intention to contract, and so assuming he must act thereon to his detriment. Port Huron M. Co. v. Wohlers, 207 Iowa, 826, 221 N. W. 843; Frain v. Brady, 48 R. I. 24, 134 A. 645; 13 C. J. p. 288; Williston on Contracts, vol. 1, § 139. None of the witnesses testified that Sugg said he had promised or agreed to give plaintiff such stock and real estate, but only that he was going to give it to her. There is no competent proof that Sugg ever expressly promised or agreed to will such property to plaintiff. Her subsequent acts and statements indicate that she did not so construe Sugg's statements. In a letter to her husband, written two days after she now alleges such contract was made, she said that Sugg was going to give her such bank stock and building, not that he had promised or agreed to do so. In her letter to the executor she stated she knew Sugg did not intend to leave her out, not that he had promised or agreed to will her specific property. She remained silent about such contract for almost two years. She is contradicted by other witnesses upon certain important matters. Because of these things, the master was of the opinion that the proof failed to establish the alleged contract.

To sustain an oral contract to make a will, the evidence must be clear, satisfactory and convincing, and must establish the contract beyond a reasonable doubt. Brooks v. Yarbrough (C. C. A. 10) 37 F.(2d) 527; Williams v. Morris, 95 U. S. 444, 24 L. Ed. 360; Price v. Wallace (C. C. A. 9) 242 F. 221.

A finding of fact upon conflicting evidence, made by the master and approved by the trial court, is presumptively correct and will not be set aside unless some serious mistake has been made in the consideration of the evidence. Fisher v. Shropshire, 147 U. S. 133, 13 S. Ct. 201, 37 L. Ed. 109; Warren v. Keep, 155 U. S. 265, 267, 15 S. Ct. 83, 39 L. Ed. 144; Crawford v. Neal, 144 U. S. 585, 596, 12 S. Ct. 759, 36 L. Ed. 552; Furrer v. Ferris, 145 U. S. 132, 12 S. Ct. 821, 36 L. Ed. 649; Commercial National Bank v. Stockyards Loan Co. (C. C. A. 8) 16 F.(2d) 911, 912; Road Imp. Dist. No. 4 v. Wilkerson (C. C. A. 8) 5 F.(2d) 416, 418; Smith v. Hovland (C. C. A. 9) 11 F.(2d) 9, 13; Dickinson v. O. & W. Thum Co. (C. C. A. 6) 8 F.(2d) 570, 572.

While the matter is not free from doubt, we are not convinced that the finding of the master relative to the making of the contract was erroneous.

Counsel for plaintiff further contend that the court erred in his conclusion of law with respect to estoppel. In considering this contention we shall assume the existence of such contract.

Plaintiff received and has retained the $5,000 legacy with full knowledge that the will did not carry out such contract. Sugg was the owner of such bank stock and real estate at the time he made the last codicil to his will. Specific enforcement of such contract would take from Dougherty property bequeathed to him by Item 7 of the second codicil, and from the residuary legatees and devisees property bequeathed and devised to them by the residuary clause, Item 25, of the will, and prevent such items of the will from being effectuated and carried out.

One may not receive and retain a beneficial interest under a will and then set up any right or claim of his own, even if otherwise legal and well grounded, which will defeat or in any way prevent the full effect and operation of every other part of the will. Hyde v. Baldwin, 17 Pick. (Mass.) 303, 308; Van Duyne v. Van Duyne, 14 N. J. Eq. 49, 52; Smith v. Smith, 14 Gray (Mass.) 532; Drake v. Wild, 70 Vt. 52, 39 A. 248; Fry v. Morrison, 159 Ill. 244, 42 N. E. 774; Noyes v. Noyes, 233 Mass. 55, 123 N. E. 395, 396; Hobbs v. Henley (Mo. Sup.) 186 S. W. 981; Smith v. Guild, 34 Me. 443; Utermehle v. Norment, 197

758

U. S. 40, 57–59, 25 S. Ct. 291, 49 L. Ed. 655, 3 Ann. Cas. 520.

 It is a settled principle of equity that there is an implied condition,' where none is expressed in the will, that one who accepts a benefit thereunder shall adopt the whole, conforming to all its provisions and renouncing every right inconsistent with it. Ditch v. Sennott, 117 Ill. 362, 7 N. E. 636–638; Shutt's Adm'r v. Shutt's Adm'r, 192 Ky. 98, 232 S. W. 405, 411; Waggoner v. Waggoner, 111 Va. 325, 68 S. E. 990, 30 L. R. A. (N. S.) 644; Penn v. Gugenheimer, 76 Va. 839; In re Moore's Estate, 62 Cal. App. 265, 216 P. 981, 983; Lytle v. Wade, 129 Kan. 671, 284 P. 411, 414; 40 Cyc. 1895.

The above principles are based on the equitable maxim that he who seeks equity must do equity. Accordingly, one who accepts a benefit under a will must recognize the equitable rights of the other beneficiaries thereunder. Pomeroy's Equity Jurisprudence (4th Ed.) §§ 462–465.

Counsel for plaintiff contend that this is a question of local law and that the principles above stated do not obtain in Oklahoma, and cite Fox v. Fox, 117 Okl. 46, 245 P. 641, as announcing the rule in Oklahoma. In that case the plaintiff did not receive or accept any benefits under the will. The question arose whether, on the pleadings, he had elected to take in part under the will. The court held that he had not so elected. It announced nothing contrary to the principles above stated. Furthermore in Garrett Company et al. v. Collins, 103 Okl. 153, 229 P. 569, the court held that it is a maxim of equity not to permit the same person to hold both under and against a will, and cited with approval Utermehle v. Norment, supra.

 The question arises as to whether this doctrine of election should be applied to the real estate and bank stock not specifically devised or bequeathed. It may be urged with some degree of logic that because of such contract such real estate and bank stock in equity did not fall within the residuary clause. However, Sugg, after making such contract, with full knowledge that he was fatally ill, failed to change his will to conform thereto. He retained legal title to such property. He died leaving a will which gave plaintiff a specific bequest, gave another a specific legacy of a portion of the property included in such contract, and contained a residuary clause under which the legal title to the remainder of such property passed to the residuary legatees and devisees.

Sugg's action indicated he did not intend plaintiff should take under such contract. We are of the opinion that under such circumstances the condition should be implied and that plaintiff was called upon to renounce her legacy under the will and insist on such contract, or waive such contract and accept the legacy.

Plaintiff with full knowledge of the provisions of the will elected to take and retain the legacy of $5000. We conclude that she is now estopped to assert a cause of action for specific performance of such contract which will take away from Dougherty and the residuary legatees and devisees such bank stock and real estate, and thus prevent portions of the will from being fully carried out and effectuated.

We conclude that the decree was right. and it is accordingly affirmed.