**SEARS, ROEBUCK & CO. v. TALGE.**

No. 12659.

Circuit Court of Appeals, Eighth Circuit.

Feb. 21, 1944.

Harry W. Lindsey, Jr., and Raymond E. Fidler, both of Chicago, Ill. (Arthur C. Brown, Jr., and Claude A. Fishburn, both of Kansas City, Mo., on the brief), for appellant.

Thomas E. Scofield, of Kansas City, Mo., for appellee.

Before THOMAS and JOHNSEN, Circuit Judges, and OTIS, District Judge.

THOMAS, Circuit Judge.

Foster L. Talge as owner of the Hand (No. 105,071) and the Majewski (No. 105,-335) design patents brought suit against Sears, Roebuck and Company for infringement of both patents. The answer denied infringement and alleged invalidity. The court found for the plaintiff on both issues and entered judgment against defendant, and this appeal followed.

The patents relate to household fruit juicers used to squeeze the juice from oranges, lemons and like fruits. The Hand device was never manufactured or sold. The Majewski device called "Juice-O-Mat", was marketed in large quantities. The accused device is called "Bestmade" De Luxe. All three of the devices belong to the rack-and-pinion type of fruit juicers.

The test of whether one design infringes another depends primarily upon whether the appearance of the two designs is substantially the same. The application of this test involves two considerations: first, to infringe, the identity of appearance, or sameness of effect as a whole upon the eye of an ordinary purchaser must be such as to deceive him, inducing him to purchase one, supposing it to be the other, Gorham Mfg. Company v. White, 14 Wall.

511, 81 U.S. 511, 20 L.Ed. 731; Smith v. Whitman Saddle Company, 148 U.S. 674, 679, 680, 13 S.Ct. 768, 37 L.Ed. 606; Ashley v. Weeks-Numan Co., 2 Cir., 220 F. 899, 902; Zidell v. Dexter, 9 Cir., 262 F. 145, 147; and, second, to infringe, the accused device must appropriate the novelty in the patented device which distinguishes it from the prior art. Applied Arts Corp. v. Grand Rapids Metalcraft Corp., 6 Cir., 67 F.2d 428, 429, 430; Whiting Mfg. Co. v. Alvin Silver Co., 2 Cir., 283 F. 75, 80; Smith v. Whitman Saddle Company, supra; S. Dresner & Son v. Doppelt, 7 Cir., 120 F.2d 50, 51.

The question whether the patented designs and the accused design are substantially the same is one of fact to be determined by the trial court, and its determination of that fact will not be set aside unless clearly erroneous. Federal Rules of Civil Procedure, rule 52(a), 28 U.S.C.A. following section 723c; Strong-Scott Mfg. Co. v. Weller, 8 Cir., 112 F.2d 389, 395; Gasifier Mfg. Co. v. General Motors Corporation, 8 Cir., 138 F.2d 197, 199. A finding of fact is clearly erroneous only when it is not supported by substantial evidence, is contrary to the clear weight of the evidence, or is arrived at by the application of a wrong principle of law. Warren v. Keep, 155 U.S. 265, 267, 15 S. Ct. 83, 39 L.Ed. 144; Silver King Coalition Mines Co. v. Silver King Consol. Mining Co., 8 Cir., 204 F. 166, 177, Ann.Cas. 1918B, 571.

To determine, therefore, whether the conclusion reached by the trial court is clearly erroneous requires a comparison of the features of the patented designs with the prior art and with the accused design.

Various types of fruit juicers have been in use for several years. It will be necessary only to examine some of the rack-and-pinion type to which belong the devices under consideration. Standard among these are Shea, No. 382,774, issued 1888; Johnson, No. 101,000, issued 1936, called "Juice King" Model B; Johnson, "Juice King" Model A, designed 1936; Koch, No. 101,957, issued 1936, called Chicago "Orangeflow".

The exposed parts of a simple form of this type of fruit juicer as developed in the prior art comprise a base, a post rising from one end of the base, an arm extending forwardly from the upper portion of the post, a fruit cup supported on the arm, an upper round pressure member above the cup, a narrow arm extending rearwardly from the pressure member and connected with the rack, and a handle. In this combination of elements a receptacle to receive the juice may be placed directly under the fruit cup.

The novel elements embodied in the Hand design consisted of a post in the form of a wide metal skirt with a deep cove for receiving and partly concealing the juice receptacle, a forward extending ring which completely concealed the fruit cup, and a pressure head shaped like a half-egg, with no projecting arm. The Majewski design is similar to the Hand patent, except that it is more streamlined. It introduces fluted panels into the skirt. Each design "flares or expands at the base" and "covers and obscures the mechanical parts."

Comparing the accused design with the Hand and Majewski patents certain striking differences are at once obvious. The base of the accused device does not blend or merge into the upright part as is the case in the patents in suit. The post is not in the form of a skirt, with or without panels, screening and concealing the juice receptacle and covering the mechanical parts. Below the cup or head the accused device can not be distinguished from the prior art, and it presents to the eye none of the novel features of either the Hand or the Majewski patents.

If there be infringement, therefore, it must be found in the cap or head of the device. At this point there is some similarity and also certain differences. The upper lines, when the devices are viewed from the side, are similar. However, the cap or head piece in the accused design is not half-egg shaped as is the case in the Hand and Majewski patents. When the three devices are viewed from above the shape of the accused differs substantially from the other two. The accused presents a ball-shaped appearance over the fruit cup with an arm extending to the post. The similarity of the upper lines of the devices presented by a side view is not sufficient to constitute infringement. Such similarity is purely incidental. When the patented and the accused designs are viewed as a whole there can be observed no "identity of appearance" and there exists no "sameness of effect" such as to deceive an intelligent purchaser. Identity of a single line in designs comprising many lines, where

such line is in no way peculiar or novel and does not determine the character of the whole, does not constitute infringement. Cf. Coca-Cola Co. v. Whistle Co., D.C.Del., 20 F.2d 955, 956, 957.

 The court erred in finding infringement. The error consisted in failing to take into consideration the importance of the prior art, and to limit the comparison of the accused device to the novel features of the patents.

Since we have reached this conclusion, it is unnecessary to determine the issue of validity. The patents, whether valid or not, are not infringed.

Reversed.