**ARBEK MANUFACTURING, INC.,**
**Plaintiff–Appellant,**

v.

**Sasan MOAZZAM, Defendant–Appellee.**

No. 94–1484.

United States Court of Appeals,
Federal Circuit.

May 8, 1995.

*frighten or torment the plaintiff,* that the courts

will not countenance it.") (emphasis added).

Robert A. Sheldon, Sheldon & Scillieri, Santa Monica, CA, argued for plaintiff-appellant. With him on the brief was John A. Scillieri.

Sasan Moazzam, Oak Land Co., Chula Vista, CA, argued pro se.

Before PLAGER, RADER, and SCHALL, Circuit Judges.

RADER, Circuit Judge.

In 1991, the United States District Court for the Southern District of California enjoined Sasan Moazzam from infringing Arbek Manufacturing, Inc.'s design patent. In 1994, Arbek requested the district court to hold Moazzam in contempt, contending that a new Moazzam design violated the injunction. The trial court denied Arbek's motion and made a finding of noninfringement. *Arbek Mfg., Inc. v. Moazzam,* No. 90–1814 (S.D.Cal. July 26, 1994) (*Arbek*). Because the trial court, in effect, found substantial open issues about whether Moazzam's new design infringed Arbek's patent, it could not find noninfringement in a summary contempt proceeding. Accordingly, this court affirms the denial of the contempt motion and vacates the noninfringement finding.

## BACKGROUND

Arbek and Moazzam make and sell furniture. Arbek owns U.S. design patent No. 313,323 (the '323 patent), titled "Cabinet or Similar Article." The '323 patent claims "the ornamental design for a cabinet or similar article, as shown and described" in eight figures. Two figures show the patented design:

Two figures show the patented design:

FIG. 1

FIG. 2

The cabinet is called a "pier" in the furniture art. Usually a pier rests on either side of a bed's headboard. Arbek's patented design features a slanted top.

In 1990, Moazzam sold piers that Arbek claimed infringed the '323 patent. On April 4, 1991, the parties filed a stipulated Consent Judgment and Order, in which Moazzam admitted to infringing the '323 patent. *Arbek Mfg., Inc. v. Moazzam*, No. 90–1814 (S.D.Cal. Apr. 8, 1991) (Order). The Order enjoined Moazzam from any future infringement.

In March 1994, Arbek learned that Moazzam was marketing a second pier that Arbek believed infringed the '323 patent. Moazzam's second pier is a modification of the first. The top of the second pier is not entirely slanted. Instead, Moazzam's new pier features a horizontal portion which extends across approximately half of the top. Neither the first Moazzam pier nor the claimed design has a horizontal top portion. The Arbek design has two rounded angles separating the top and sides of the pier; the new Moazzam pier has three sharp angles separating the sides, the horizontal top portion, and the slanted top portion.

Arbek filed a contempt motion to enforce the Order. The motion accused Moazzam of again infringing the '323 patent. The trial court denied the motion. The trial court found: "defendant's design DOES NOT infringe on plaintiff's patented pier design." *Arbek*, slip op. at 2. Arbek appeals.

## DISCUSSION

■ In *KSM Fastening Systems, Inc. v. H.A. Jones Co.*, 776 F.2d 1522, 227 USPQ 676 (Fed.Cir.1985), this court sets forth a standard for deciding whether an accused infringer is in contempt of an injunction prohibiting infringement. To show contempt, the patent owner must prove by clear and convincing evidence that "the modified device falls within the admitted or adjudicated scope of the claims and is, therefore, an infringement." *Id.* at 1530.

■ A trial court may decide contempt motions "on affidavits and exhibits without the formalities of a full trial." *Id.* at 1524. Additionally, in summary proceedings, an accused infringer may face fines, damages, or even imprisonment. Accordingly, this court counsels caution in contempt proceedings.

■ In sum, contempt is a shield protecting the patentee against an infringer's flagrant disregard for court orders. Contempt, however, is not a sword for wounding a former infringer who has made a good-faith effort to modify a previously adjudged or admitted infringing device to remain in the marketplace. *See id.* at 1525–26. Rather, the modifying party generally deserves the opportunity to litigate the infringement question at a new trial, "particularly if expert and other testimony subject to cross-examination would be helpful or necessary." *Id.* at 1531.

■ In balancing protections for the patentee and the former infringer, this court stated:

> If there are substantial open issues with respect to infringement to be tried, contempt proceedings are inappropriate. The presence of such disputed issues creates a fair ground for doubt that the decree has been violated.

*Id.* at 1532 (citation omitted). This safeguard, the *KSM* court reasoned, accommodates due process with "the usual summary nature of contempt proceedings." *Id.* Thus, during summary contempt proceedings, before reaching the ultimate question of "whether an injunction against infringement has been violated," the trial court must first consider a threshold question, namely whether "substantial open [infringement] issues must be litigated." *Id.*

■ The district court in this case found that Moazzam's second, modified pier does not infringe the '323 patent. Thus, in the words of *KSM*, the trial court in effect discerned "a fair ground for doubt" that Moazzam violated the order. *See id.* In other words, the trial court, in effect, detected substantial open infringement issues to be litigated before reaching the question of whether Moazzam had violated the 1991 injunction. This court reviews the trial court's finding for an abuse of discretion. *Id.*

Design patent infringement only occurs when "the accused design is substantially the same as the claimed design." *L.A. Gear, Inc. v. Thom McAn Shoe Co.,* 988 F.2d 1117, 1124, 25 USPQ2d 1913, 1918 (Fed.Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 291, 126

L.Ed.2d 240 (1993). That is, "if the resemblance is such as to deceive ... an [ordinary] observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." *Gorham Co. v. White,* 81 U.S. (14 Wall) 511, 528, 20 L.Ed. 731 (1871). The accused product must also "appropriate the novelty in the patented device which distinguishes it from the prior art." *Litton Sys., Inc. v. Whirlpool Corp.,* 728 F.2d 1423, 1444, 221 USPQ 97, 109 (Fed. Cir.1984) (quoting *Sears, Roebuck & Co. v. Talge,* 140 F.2d 395, 396, 60 USPQ 434, 434–35 (8th Cir.1944)).

■ As the trial court observed, the top of the Arbek pier is a continuous slope, while the top of the Moazzam pier is part sloped and part horizontal. In addition, the Arbek pier contains two rounded angles at the top of the pier, while the Moazzam pier contains three sharp angles at the top. These differences support what was, in effect, a finding by the trial court of substantial open infringement issues. In sum, substantial record evidence supports the trial court's finding.

With substantial open issues of infringement on the record, "contempt proceedings are inappropriate." *KSM,* 776 F.2d at 1532. The trial court properly denied Arbek's motion for contempt. This court affirms that denial.

■ The trial court chose, however, to undertake a substantive infringement analysis. This inquiry was premature. Once the trial court found the modified pier substantially different on its face from the patented design, *KSM* required denial of the motion and dismissal of the case because there could be no "finding that the modified [Moazzam pier fell] within the admitted ... scope of the ['323 patent]." *Id.* at 1530. On a summary record, the district court could proceed no further. Accordingly, this court vacates the noninfringement finding.

## CONCLUSION

This court affirms the denial of the contempt motion and vacates the noninfringement finding.

## COSTS

Each party shall bear its own costs.

AFFIRMED–IN–PART and VACATED–IN–PART.