NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-1348

TONY COLIDA,

Plaintiff-Appellant,

v.

MATSUSHITA ELECTRIC CORP. FOR AMERICA,

Defendant-Appellee.

_____

DECIDED:  November 3, 2004
_____

Before CLEVENGER, GAJARSA, and PROST, Circuit Judges.

PER CURIAM.

The appellant, Tony Colida, appeals the United States District Court for the District of New Jersey's grant of summary judgment for the appellee, the Matsushita Electric Corporation of America ("Matsushita").  Colida v. Matsushita Elec. Corp. of Am., Civ. No. 03-2904 (WGB) (D. N.J. March 26, 2004).  The district court's summary judgment order held that Matsushita's accused telephone design does not infringe either of the two design patents in this suit.  Because the district court did not err in granting summary judgment, we affirm.

BACKGROUND

The appellant owns both of the patents in suit—U.S. Design Patent No. Des. 321,347 ("the '347 patent") and U.S. Design Patent No. Des. 321,349 ("the '349

patent"). Matsushita owns U.S. Design Patent No. Des. 477,581 ("the '581 patent") and markets a cellular phone with the same design as the Panasonic GU87 ("the GU87 phone") in the United States.

The '347 patent displays a telephone that roughly looks like a clam-shell when closed.

 

The '349 patent shows a flip-phone that looks more like a folded lawn-chair and contains a thicker hinge than the '347 patent.



The '581 patent displays the GU87 phone and is depicted as follows:



After viewing the GU87 phone and comparing it to the '347 patent and the '349 patent, the district court granted Matsushita's motion for summary judgment. The appellant now appeals that grant of summary judgment. We have jurisdiction to hear this appeal under 28 U.S.C. § 1295(a)(1).

DISCUSSION

We review a district court's grant of summary judgment de novo. OddzOn Prods., Inc. v. Just Toys, Inc., 122 F.3d 1396, 1401 (Fed. Cir. 1997).

Design patents are granted for "any new, original and ornamental design for an article of manufacture." 35 U.S.C. § 171 (2004). The Supreme Court first established the test for infringement of a design patent over a century ago in Gorham Co. v. White, 81 U.S. 511, 528 (1871). The Gorham Co. court held that infringement of a design patent occurs "if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." Id. If the patented design and the accused design are "substantially the same" to an "ordinary observer," then the court must attribute the similarity to the "points of novelty" found in the patented design in order for there to be infringement. OddzOn, 122 F.3d at 1405. Infringement of a design patent depends on a comparison between the entire visual appearance of the patented design and the accused design. Durling v. Spectrum Furniture Co., 101 F.3d 100, 104-05 (Fed. Cir. 1996).

In a sparsely worded informal brief, the appellant argues that the district court failed to "appreciat[e] the similarities of the [accused and patented] designs" when it granted Matsushita's motion for summary judgment.

The district court found that there was no substantial similarity between the '347 patent and the GU87 phone because:

(1) While the two halves of the phone in the '347 Patent are sinuously curved, the two halves of the GU87 phone are flat to slightly curved;

(2) While the phone in the '347 Patent appears relatively featureless when closed, the GU87 phone has a small screen and a camera lens that are visible when the phone is in a closed position;

(3) While the '347 Patent phone has a relatively small screen visible in the upper portion, the GU87 phone has a screen that occupies almost all of the upper portion;

(4) While the '347 phone has rows and columns of uniformly shaped buttons in the lower portion, the GU87 phone includes some buttons of different shapes not all of which are arranged in rows and columns; and

(5) While the '347 phone has an oval-shaped speaker hole and a horizontal rectangular-shaped microphone hole, the GU87 phone has a shell-shaped speaker hole and a small vertical microphone.

Colida at 7-8. We find no error in the district court's conclusion that, in light of the above differences, no reasonable trier of fact could find infringement of the '347 patent by the GU87 phone in this case. Accordingly, summary judgment on the '347 patent infringement claims was properly granted.

The district court also found that there was no similarity between the '349 patent and the GU87 phone because:

(1) While the top half of the phone in the '349 Patent is noticeably longer than the bottom half, and a distinctively bent portion of the top half overhangs the bottom half, the two halves of the GU87 phone are

substantially more similar in length, and exhibit no overhang when closed;

(2) While the phone of the '349 Patent has circularly-shaped buttons arranged in rows and columns in the top half, the GU87 phone has teardrop-shaped buttons in the bottom half, not all of which are prearranged in rows and columns;

(3) While the phone of the '349 Patent has oval-shaped speaker and microphone holes, the GU87 phone has a shell-shaped speaker hole and a small, vertical, rectangular-shaped microphone hole.

Id. at 9-10. We likewise find no error in the district court's conclusion that, in light of the above differences, no reasonable trier of fact could find infringement of the '349 patent by the GU87 phone in this case.

For the above stated reasons, we affirm the judgment of the district court.