NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-1345

KYOCERA WIRELESS CORP.,

Plaintiff-Appellee,

v.

PRESIDENT ELECTRONICS, LTD.,

Defendant,

and

TONY COLIDA,

Defendant-Appellant.

_____

DECIDED:  November 30, 2004

_____

Before NEWMAN, MICHEL, and PROST, Circuit Judges.

NEWMAN, Circuit Judge.

Mr. Tony Colida appeals the summary judgment of the United States District Court for the Southern District of California,[1] holding that Kyocera Wireless Corp. (Kyocera) does not infringe any of the Colida patents.  We affirm.

---

[1] Kyocera Wireless Corp. v. President Electronics, Ltd., No. 02-CV-2042 (S.D. Ca. March 4, 2004).

BACKGROUND

The Colida patents are for the design of cellular telephone handsets, as follows:

U.S. Design Patent No. 321,184 (the '184 patent) is concavely curved and has a horizontal rectangular screen and a rectangular array of holes as part of the earpiece, shown as follows:



Design Patent No. 321,347 (the '347 patent) has a recessed screen and recessed keyboard, and is described as resembling a whale's mouth when folded:



Design Patent No. 321,349 (the '349 patent) is marked by a large hinge and has a prominent bend in the longer side of the body, claimed as follows:



The Kyocera models 2235 and 2255 ("the Kyocera 2200 phones") were charged with infringement of the '184 patent and the Q-Phone was charged with infringement of the '347 and '349 patents. The Kyocera phone designs are as follows:



(a) Side View     (b) Front View
THE 2235 CELLULAR PHONE

(c) Side View     (d) Front View
THE 2255 CELLULAR PHONE

04-1345                                    3

The Q-Phone:



DISCUSSION

A design patent is for the design of a utilitarian device. The features of the design may serve a function, but the patent is for the device's visual appearance. Gorham Co. V. White, 81 U.S. 511, 528 (1871); Durling v. Spectrum Furniture Co., 101 F.3d 100, 104-05 (Fed. Cir. 1996). To establish infringement, the accused product must embody the aspects of the patented design that established its novelty and distinguished it from prior art. Contessa Food Products v. Conagra, 282 F.3d 1370 (Fed. Cir. 2002); Litton Sys., Inc. v. Whirlpool Corp., 728 F.2d 1423, 1444 (Fed. Cir. 1984).

Mr. Colida states that the Kyocera Q-Phone has a similar design to that of the '347 patent. The district court found that the Q-Phone differs from the '347 design in that the Q-Phone is not as curved, its screen and keys are not recessed, the screen and keypad are on the lower portion of the Q-Phone, it has a visible antenna, there is an additional row of buttons that are offset and of differing sizes, the thirteen small speaker holes are arranged in a star pattern, the microphone holes are arranged in a circular pattern that is offset to the left side, the lower portion of the phone is flat, the diameter of the hinge is slightly less than

the thickness of the upper portion of the phone, and the hinge ends of the upper and lower portions of the Q-Phone do not fit together when the phone is in the open position. We agree with the district court that the overall appearance is sufficiently different that summary judgment of non-infringement of the '347 patent was warranted, for there is no view of the facts that could support a finding of infringement by a reasonable trier of fact. See Brown v. 3M, 365 F.3d 1349, 1351 (Fed. Cir. 2001) (summary judgment may be granted when the non-moving party cannot prevail on the non-movant's version of the facts).

Mr. Colida also argues that the Kyocera Q-Phone has a similar design to that of the '349 patent. The district court pointed out that the Q-Phone does not have a significantly large hinge or hinge cover as does the '349 design, the upper portion of the Q-Phone is not bent although it tapers, the upper portion is not longer than the lower portion, the Q-Phone has a visible antenna, the screen and keypad are positioned in the lower portion of the phone, there is an additional row of buttons that are offset and of differing sizes, the small speaker holes are arranged in a star pattern, the microphone holes are in a circular pattern offset to the left hand side, the lower portion of the phone is flat, the hinge is located in the upper portion of the phone and does not protrude to the side, and the diameter of the Q-Phone hinge is less than the thickness of the upper portion of the phone. Again, we agree with the district court that the criteria of summary judgment of non-infringement are met.

Mr. Colida also argues that the Kyocera 2200 phones are substantially similar to the design in the '184 patent. The district court pointed to significant differences in the Kyocera 2200 phones, in that they do not have as pronounced a curvature, have additional buttons,

taller screens, and different arrays of holes in the earpiece. Again, the district court's summary judgment of non-infringement has not been shown to be incorrect.

Error has not been shown as to the district court's analysis. The district court's identification of the many differences in the features of the designs has not been disputed. The judgment of non-infringement is affirmed.