NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-1483

TONY COLIDA,

Plaintiff-Appellant,

v.

QUALCOMM INCORPORATED,

Defendant-Appellee.

_____

DECIDED:  January 12, 2005

_____

Before MICHEL, Chief Judge, RADER, and LINN, Circuit Judges.

PER CURIAM.

Tony Colida ("Colida") appeals from the United States District Court for the
Southern District of California's grant of summary judgment of non-infringement to
Qualcomm Inc. ("Qualcomm").  Colida v. Qualcomm Inc., No. 03 CV 1341 (S.D. Cal.
June 29, 2004).  Because Colida is collaterally estopped from contesting the district
court's grant of summary judgment of non-infringement, we affirm.

Qualcomm sold a cellular telephone product known as a "Q-Phone" prior to about
February 2000 when it sold the business to Kyocera Wireless Corporation.  In October
2002, Kyocera sued Colida in the Southern District of California for a declaratory
judgment of non-infringement of U.S. Design Patents Nos. 321,347 ("the '347 patent")

and 321,349 ("the '349 patent") by the Q-Phone.  The district court granted summary judgment of non-infringement, and we affirmed.  Kyocera Wireless Corp. v. President Elecs., Ltd., 2004 WL 2712421 (Fed. Cir. Nov. 30, 2004).  While the motion for summary judgment was pending in the Kyocera suit, Colida filed suit against Qualcomm in the Southern District of California alleging infringement of the '347 and '349 patents by the Q-Phone.  After the district court granted Kyocera's motion for summary judgment, Colida filed a motion for summary judgment of infringement against Qualcomm.  Qualcomm argued in a cross-motion for summary judgment that the Q-Phone at issue in the two cases was identical and that summary judgment in its favor was warranted based on the district court's prior grant of summary judgment in favor of Kyocera.  The district court granted Qualcomm's motion for summary judgment of non-infringement.

Colida timely appealed to this court.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

On appeal, Colida argues that the trial court failed to appreciate the similarities of the designs.  Colida argues that summary judgment was improper "because of the context of the designs."  Although it is not entirely clear, Colida appears to be arguing that the similarity between the design patents and the Q-Phone was such that it created a disputed issue of material fact.  Because we have already decided this issue against Colida in his prior appeal in Kyocera Wireless, Colida is barred by collateral estoppel from presenting that argument.  In deciding procedural issues not unique to patent law, we apply the law of the regional circuit.  Dana v. E.S. Originals, Inc., 342 F.3d 1320, 1323 (Fed. Cir. 2003).  The Ninth Circuit considers three factors in applying collateral

estoppel: (1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated by the party against whom preclusion is asserted in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action. McQuillion v. Schwarzenegger, 369 F.3d 1091, 1096 (9th Cir. 2004). Here, the issue of infringement of the cellular telephone product is the same as that in the prior litigation. Colida did not contest before the district court and does not contest before this court that the Q-Phone and the patents are the same as in the prior litigation. The infringement issue was actually litigated by Colida in both the trial court and this court. Finally, the grant of summary judgment of non-infringement was a critical and necessary part of the judgment in the earlier litigation and was affirmed on appeal. Thus, Colida is collaterally estopped from re-litigating this issue.

Because Colida is collaterally estopped from re-litigating the issue of infringement of the '347 and '349 patents, we affirm the district court's grant of summary judgment.