NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-1061

TONY COLIDA,

Plaintiff-Appellant,

v.

SHARP ELECTRONICS CORPORATION
and AUDIOVOX WIRELESS CORPORATION,

Defendants-Appellees.

_____

DECIDED: March 9, 2005

_____

Before MICHEL, Chief Judge, NEWMAN, and GAJARSA, Circuit Judges.

PER CURIAM.

Tony Colida ("Colida") appeals the order of the United States District Court for the District of New Jersey, granting the summary judgment motion of Sharp Electronics Corporation ("Sharp") and Audiovox Wireless Corporation ("Audiovox"). Colida v. Sharp Electronics Corp., No. 03-2889 (D.N.J. Oct. 6, 2004) ("Letter Order"). The district court's Letter Order held that Sharp and Audiovox's accused cellular telephone handset does not infringe either of the two design patents in this suit. Because the district court did not err in granting summary judgment, we affirm.

BACKGROUND

Colida owns both of the patents in suit—U.S. Design Patent Nos. Des. 321,347 ("the '347 patent") and Des. 321,349 ("the '349 patent"). Both the '347 and the '349 patents issued on November 5, 1991, and are for the design of cellular telephone handsets. Audiovox, a subsidiary of Sharp, manufactured and sold a cellular telephone handset known as CDM-7900. On April 30, 2002, the United States Patent and Trademark Office issued Design Patent No. Des. 456,378 ("the '378 patent") for the design of the CDM-7900 handset.

On June 16, 2003, Colida filed a complaint in the United States District Court for the District of New Jersey, alleging that Sharp and Audiovox's CDM-7900 handset infringed his '347 and '349 patents. In its Letter Order dated October 6, 2004, the district court granted Sharp and Audiovox's motion for summary judgment of non-infringement. Colida timely appealed to this court and we have jurisdiction under 28 U.S.C. § 1295 (a)(1).

DISCUSSION

We review a district court's grant of summary judgment de novo. Oddzon Prods., Inc. v. Just Toys, Inc., 122 F.3d 1396, 1401 (Fed. Cir. 1997). Summary judgment is appropriate when there is no genuine issue of material fact. See Fed. R. Civ. P. 56(c).

"A design patent only protects the novel, ornamental features of the patented design." Oddzon Prods., Inc., 122 F.3d at 1405. "Determining whether a design patent is infringed requires (1) construction of the patent claim, and (2) comparison of the construed claim to the accused product." Contessa Food Prods., Inc. v. Conagra, Inc., 282 F.3d 1370, 1376 (Fed. Cir. 2002). The scope of a design patent claim

encompasses the claimed design's "visual appearance as a whole," and in particular "the visual impression it creates." Id. (citing Durling v. Spectrum Furniture Co., 101 F.3d 100, 104-05 (Fed. Cir. 1996). Where a design contains both functional and ornamental features, "the scope of the claim must be construed in order to identify the non-functional aspects of the design as shown in the patent," Oddzon Prods., Inc., 122 F.3d at 1405, as only the ornamental features are protected.

The Supreme Court established the proper test for design patent infringement in Gorham Co. v. White:

> [I]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other.

81 U.S. 511, 528 (1871). Thus, a design infringement analysis first examines the overall similarities and differences between the patented design and the accused design. If the patented design and the accused design are substantially the same to an ordinary observer, to infringe, the accused design must also appropriate the points of novelty found in the patented design. Arbek Mfg., Inc. v. Moazzam, 55 F.3d 1567, 1570 (Fed. Cir. 1995).

Colida asserts that summary judgment was improper "because of the context of the designs in question" and because the district court failed to "appreciat[e] … the similarities of the designs." While not entirely clear, Colida appears to be arguing that the similarity between the design patents and the CDM-7900 handset was such that it created a disputed issue of material fact. Sharp and Audiovox argue that summary

judgment of non-infringement was appropriate because of "numerous, undisputed and significant design differences."

## '347 Patent

In performing the claim construction of the '347 patent, the district court identified the ornamental features of the patented design to include a cellular telephone handset that has each half curved in a wavy fashion such that the curves fit together when the handset is folded closed, a recessed screen situated towards the bottom of the top half of the handset, a speaker with an oval feature containing holes, and a keypad consisting of uniformly shaped buttons. The district court concluded that there was no substantial similarity between the '347 patent and the CDM-7900 handset because of the following:

(1) The sides of the CDM-7900 handset are not sinuously curved as is shown in the '347 patent;

(2) The CDM-7900 handset screen is not recessed or as small as the screen in the '347 patent;

(3) The CDM-7900 handset's keypad contains uniformly shaped buttons as well as other buttons of different shapes, sizes, and colors, while the buttons on the keypad as shown in the '347 patent are all of a uniform shape and size; and

(4) The CDM-7900 handset's speaker has a scattering of holes above the screen whereas the speaker design in the '347 patent consists of an oval feature with one straight line of holes within it.

Colida, No. 03-2889 at 8. No error has been shown in the district court's conclusion that in light of the above differences, the ordinary observer would not view them as

substantially the same. Accordingly, summary judgment on the '347 patent infringement claim was properly granted.

'349 Patent

In performing the claim construction of the '349 patent, the district court identified the ornamental features of the patented design to include a cellular telephone handset having a top half longer than the botton half such that there is a slightly bent overhang when the handset is folded closed, a keypad consisting of uniformly shaped buttons located on the top half on the handset, a small rectangular screen, and a large round hinge that curves slightly outward from the handset. The district court concluded that there was no substantial similarity between the '349 patent and the CDM-7900 handset because of the following:

(1) The halves of the CDM-7900 handset are much more similar in length and do not exhibit the overhang that is depicted in the '349 patent;

(2) The CDM-7900 handset's keypad is located on the bottom half of the handset while the '349 patent shows the keypad on the top half of the handset;

(3) The CDM-7900 handset's screen takes up most of the top half of the handset whereas the screen in the '349 patent is small and rectangular in shape, above the keypad on the top half of the handset; and

(4) The hinge on the CDM-7900 handset is much smaller and does not curve outwards such that it is visible on the sides when looking at the handset from the front or rear whereas the hinge in the '349 patent is much larger and visible in this way.

Id. at 9. No error has been shown in the district court's conclusion that in light of the above differences, the ordinary observer would not view them as substantially the same. Accordingly, summary judgment on the '349 patent infringement claim was properly granted.

Frivolous appeal

Additionally, Sharp and Audiovox request the court to find this appeal frivolous in light of Colida's repeated unsuccessful appeals in which he has asserted infringement of his '347 and '349 patents against other cellular telephone handset manufacturers.[1] Sharp and Audiovox do not seek damages and costs under Federal Rule of Appellate Procedure 38; rather, they make this request in an effort to discourage Colida from taking similar action in the future against additional cellular telephone handset manufacturers.

An appeal is frivolous when an appellant grounds his appeal on arguments or issues that are "beyond the reasonable contemplation of fair-minded people." Abbs v. Principi, 237 F.3d 1342, 1345 (Fed. Cir. 2001). Moreover, an appeal as to which "no basis for reversal in law or fact can be or is even arguably shown" is frivolous. State Indus., Inc. v. Mor-Flo Indus., Inc., 948 F.2d 1573, 1578 (Fed. Cir. 1991). Such an

---

[1] In these previous appeals, this court has consistently affirmed district court summary judgment holdings of non-infringement in suits involving the '347 and '349 patents. See Colida v. Qualcomm, Inc., No. 04-1483, 2005 WL 78696 (Fed. Cir. Jan. 12, 2005); Colida v. Sanyo N. Am. Corp., No. 04-1287, 2004 WL 2757399 (Fed. Cir. Dec. 2, 2004); Kyocera Wireless Corp. v. President. Elecs., Ltd., 116 Fed. Appx. 282 (Fed. Cir. Nov. 30, 2004); Colida v. Matsushita Elec. Corp. for Am., 114 Fed. Appx. 383 (Fed. Cir. Nov. 3, 2004). In at least one of these cases, sanctions were awarded against Colida upon the determination that Colida's appeal was frivolous as filed. Colida v, Sanyo N. Am. Corp., No. 04-1287, 2004 WL 2853034 (Fed. Cir. Dec. 2, 2004).

appeal unnecessarily wastes the limited resources of the court as well as those of the appellee. Id.

Colida, in this case, continues his pattern of repeatedly filing meritless infringement complaints and pursuing appeals when the accused designs bear no realistic similarity to his design patents. Such conduct unnecessarily wastes the limited resources of the court. The differences between the '347 and the '349 patents and the CDM-7900 handset are so obvious and pronounced that Colida's allegation that the CDM-7900 handset infringes his '347 and '349 patents and that the district court erred in granting summary judgment is "beyond the reasonable contemplation of fair-minded people." Abbs, 237 F.3d at 1345. Thus, we hold that the appeal is frivolous.

CONCLUSION

For the above reasons, we affirm the district court's grant of Sharp and Audiovox's motion for summary judgment of non-infringement and find Colida's appeal frivolous.

Costs are awarded to appellees.