**William F. DAVIS, Howard C. Shumway, and Thomas M. Frederiksen, Appellants,**

v.

**Junuthula N. REDDY, Appellee.**

**Appeal No. 80–506.**

United States Court of Customs and Patent Appeals.

May 15, 1980.

Rehearing Denied July 10, 1980.

James B. Blanchard, Chicago, Ill., attorney of record for appellants; Maurice J. Jones, Jr., Phoenix, Ariz., of counsel.

Charles W. Bradley, New York City, attorney of record for appellee; Paul J. Ethington, Reising, Ethington, Barnard, Perry & Brooks, Southfield, Mich., Russel C. Wells, The Bendix Corp., Southfield, Mich., of counsel.

Before MARKEY, Chief Judge, RICH, BALDWIN, and MILLER, Judges, and FORD,* Judge.

RICH, Judge.

This appeal is from the decision of the Patent and Trademark Office Board of Patent Interferences (board) awarding priority of counts 1–6, 8, and 9 in interference No. 98,661 to the junior party Reddy.[1] We reverse.

---

* The Honorable Morgan Ford, Judge, United States Customs Court, sitting by designation.

1. The board, on reconsideration, awarded count 7 to Davis et al., from which decision no appeal has been taken.

## Background

The real parties in interest are Motorola, Inc., assignee of the senior party Davis et al., and the Bendix Corporation, assignee of the junior party Reddy.

The nine counts in the interference were copied by junior party Reddy into his patent application, serial No. 226,498, filed February 15, 1972, from the senior-party Davis et al. patent, No. 3,727,081, issued April 10, 1973, on an application filed October 15, 1971. Counts 1–9 correspond to claims 1–5, 7–9, and 12, respectively, of the Davis et al. patent.

The subject matter of the interference is an electronic circuit for producing a precision multi-level waveform across a capacitor. The circuit is used in fuel injection systems for internal combustion engines to control the amount of fuel delivered to the intake manifold of the engine. Count 1, in independent form, is illustrative of the invention of the counts:

A circuit for developing across a capacitor a waveform having a plurality of different voltage levels at least one of which is greater than the preceding level and at least one of which is less than the preceding level, such circuit including in combination,

reference means providing a plurality of reference voltages representing the different voltage levels of the waveform,

regulator means coupled to said reference means and to the capacitor for selectively holding the voltage thereacross at a value associated with one of the reference voltages,

discharge circuit means connected to the capacitor and to said regulator means and adapted to be rendered operative by said regulator means to discharge the capacitor and reduce the voltage thereacross until a selected one of the voltage levels is reached, and

current source means connected to the capacitor and adapted to operate to supply current thereto to increase the voltage thereacross until another one of the voltage levels is reached.

Prior to the times hereinafter discussed, Bendix had been working on development of a circuit for use in fuel injection systems. It was working with Motorola under a proposed arrangement whereby Motorola was to integrate (put in integrated circuited form) whatever circuit was developed by Bendix prior to the circuit being marketed as part of a fuel injection system.

Reddy began working for Bendix in May of 1970. He was assigned to the fuel injection project. There had already been considerable contact between Bendix and Motorola with regard thereto, and Motorola had submitted to Bendix a technical proposal for the system which contained several of its own circuit concepts which were thought to be of use.

Reddy conceived of a modified approach to the circuit and system design problem sometime prior to October 1970 and continued the development of the concept beyond that time. The conception of the invention of the counts was alleged to have occurred out of this modified proposal.

The system design had been formulated to the extent that both Bendix and Motorola had been working on a circuit to provide a two-level waveform across a capacitor. The crucial concept here at issue is the provision of a third level of the waveform to accommodate the requirement that an engine running at slow or idle speeds must be supplied with a richer fuel mixture than is required at high speeds. The parties have referred to this concept as the "idle upturn function" and we shall do likewise.

Reddy claimed to have actually reduced such a circuit to practice and successfully tested it in an automobile by October 10, 1970.

A two-day meeting was held at a Motorola facility to discuss the design progress on October 20–21, 1970. The meeting was attended by Reddy and senior party co-inventors Davis and Frederiksen. Reddy contends that he disclosed a circuit which embodied the invention of the counts to those present at the meeting, and that the senior party derived the invention from him at the meeting.

When the senior party's patent issued, Reddy copied from it the counts on appeal, together with count 7 awarded to Davis et al., in order to provoke this interference.

## The Evidence in Brief

To meet his burden of overcoming the filing date of the senior party, Reddy presented testimony accompanied by numerous exhibits. The record in this interference was consolidated with that of related interference No. 98,681, and evidence from both proceedings has been relied on by both parties.

Reddy exhibit RX32 is a schematic drawing of a circuit identified as ECU IIA and was drawn in preparation for Reddy's trip to Motorola in October of 1970. RX36, dated October 5, 1970, shows a drawing of a reset pulse generator with two comparators. It was drawn for the purpose of including an additional comparator for use in implementing the idle upturn function in circuitry such as that of RX32.

RX38 is a circuit drawing dated October 19, 1970. It was disclosed by Reddy to those at the meeting. It does not include circuitry for implementing the idle upturn function.

RX128 is a sketch identified by Reddy as one prepared in the early morning hours of the second day of the meeting. It provides comparator circuitry to provide for the constant current discharge of the capacitor to implement the idle upturn function. Testimony on behalf of Reddy sought to establish that it was disclosed at the meeting later that day.

From the related interference, Frederiksen exhibit 4 illustrates the circuit which Reddy disclosed at the meeting. It is the same circuit as the one illustrated in RX38. Frederiksen exhibit 20 from that interference comprises notes taken by Frederiksen during the meeting. The fifth page from the end of the exhibit illustrates means disclosed by Reddy for implementing the idle upturn function; a portion of a waveform depicting a downward sloping voltage is circled and labeled "idle upturn." In addition, an arrow points from the box containing the above words to a box labeled "comp." which refers to a comparator provided for the purpose of determining the timing of the beginning of the downward sloping portion of the waveform, which the exhibit notes as being 60 milliseconds from the start of the waveform.

Reddy exhibit RX39 shows a sketch of a waveform which sketch Reddy alleges was present at the meeting and depicts the waveform produced by the circuit of RX38. It is relied upon to show that the circuit of RX38 meets all of the limitations of the counts.

Portions of the testimony taken in both interferences are relied upon by both parties to corroborate assertions made with respect to the exhibit evidence. We shall refer to them as necessary.

## The Board

The board concluded that the single issue involved in the interference was that of derivation. Its conclusion was based on the following analysis.

Reddy had alleged conception and actual reduction to practice prior to the date of the October 20–21, 1970, meeting. The board held that Reddy had conceived the invention prior to that date. In arriving at its decision, the board relied on the disclosure of RX32 or RX38, combined with that of RX36 and RX39 and the testimony of Reddy and his corroborating witness Kreger. It relied principally on the disclosure of RX39 to establish that the circuit of RX38 produced the waveform required by the counts.

The board further held that Reddy had not established actual reduction to practice prior to the date of the meeting. It felt that testimony of Reddy's witnesses and an entry in a log book about tests on vehicles equipped with the circuits merely recited conclusions without the support of facts.

Since Reddy had not alleged diligence following his alleged conception as a part of his case, and had failed to prove actual reduction to practice prior to the senior party's filing date, the board held that Red-

dy could not prevail unless his proofs sustained the allegation that the senior party derived the invention from him at the meeting. In this regard, the board noted that the senior party was not entitled to a conception date prior to the date of the meeting since senior party co-inventor Shumway did not begin to work for Motorola until December of 1970. Shumay could not then be a co-inventor prior to that date.

Reddy was held to have proved derivation of counts 1–3 and 5–9 by a preponderance of the evidence. The board relied on the combined disclosures of exhibits RX32, RX36, and RX38. Noting that the testimony of Reddy's witnesses failed to corroborate that the idle upturn feature was disclosed at the meeting, the board relied on the Frederiksen exhibits which, along with the testimony of Frederiksen, "clearly establish that Reddy disclosed this feature to Frederiksen and Davis at the meeting."

The board found that Reddy had not established that RX128 was disclosed at the meeting, but nevertheless it awarded priority of count 4 to Reddy. The board felt that the subject matter of count 4 was obvious from the disclosure of the subject matter of the other counts.

### Arguments of the Parties

Davis et al. argue that the pro-forma award of "priority" to Reddy on the basis of derivation is incorrect.[2] They assert that Reddy had not yet conceived a circuit which met the limitations of the counts at the time of the meeting, and that which has not yet been conceived cannot be derived.

Their principal contention is that there is a question whether exhibit RX39, upon which the board relied to establish conception by Reddy, was in existence at the time of the October 20–21 meeting. They assert that the doubt concerning the existence of the exhibit precludes reliance on it to establish conception by a preponderance of the evidence, and that by the remainder of the evidence Reddy still failed to carry his burden of proving derivation.

2. We designate such an award as "pro forma" because when one party derives the invention from the other party there is only one inventor.

Davis et al. note that Reddy's testimony with respect to what he disclosed at the meeting is uncorroborated; that the sketch referred to in Frederiksen exhibit 20 fails to show a *level* associated with the idle upturn function but merely shows the downward sloping portion of the waveform associated therewith; that the same is true for the remainder of the proofs relied upon by Reddy in lieu of RX39; and that other proofs submitted on the issue are inadequate.

Reddy admits doubt concerning the existence of RX39 at the time of the meeting. He nevertheless argues that there is adequate independent evidence of conception of a circuit meeting the requirements of the counts prior to the meeting.

He relies on RX36 and the tests done on the vehicles equipped with the circuits which the board had found to be inadequate to show actual reduction to practice. He also relies upon his own testimony to the effect that he disclosed the idle upturn feature and the means for implementing it at the meeting. He testified that he drew a rough sketch of the waveform on the blackboard and that he gave Frederiksen a sketch he drew, which sketch was produced by the senior party in this interference and identified as RX104.

Reddy also relies on the Frederiksen notes referred to above, which Reddy states contains a waveform substantially similar to the waveform of RX39, as well as the references to "idle upturn" and "60 milliseconds," the breakpoint for the idle upturn downslope.

### OPINION

■ Reddy must prove his case by a preponderance of the evidence where, as here, his application was co-pending with that for the patent of the senior party. *Horwath v. Lee*, 564 F.2d 948, 949 n. 2, 195 USPQ 701, 703 n. 2 (CCPA 1977); *Kawai v. Metlesics*, 480 F.2d 880, 178 USPQ 158 (CCPA 1973). Consequently, there is no occasion to determine who was first among plural inventors.

This "preponderance of the evidence" burden of proof applies where the issue is derivation. *Mead v. McKirnan*, 585 F.2d 504, 507, 199 USPQ 513, 515 (CCPA 1978).

██ Reddy's admission, at oral argument as well as in his brief, that it is not clear whether RX39 was actually in existence at the time of the meeting precludes reliance on that document to show possession at the time of the meeting of a circuit which would produce a waveform meeting the limitations of the counts. This admission raises a question concerning the complete conception of the invention by the time of the meeting which can only be answered by resort to the additional evidence on which Reddy relies to show conception by that date. We hold that it fails to establish his conception of the invention by a preponderance of the evidence.

We agree with Davis et al. that the vehicle test evidence is insufficient to establish conception. It does not establish that the circuit in use in the test vehicle meets the limitations of the counts. While the evidence tends to show that the vehicle performed satisfactorily, it fails to provide facts supporting the conclusion which relate the performance to the invention of the counts.

We are also unpersuaded by Reddy's uncorroborated testimony concerning what he disclosed at the meeting. The requirement for corroboration of such testimony is well-established. *Allen v. Blaisdell*, 39 CCPA 951, 953, 196 F.2d 527, 529, 93 USPQ 428 (1952).

Frederiksen's notes, while showing a waveform similar to that of RX39, are not sufficiently probative to meet the burden imposed upon Reddy. In response to a question from the bench at oral argument, counsel for Reddy admitted that it is not possible to tell what portion of the notes reflect Frederiksen's independent thinking as opposed to the portions which were written in response to Reddy's disclosure. Frederiksen had been working on the project for some time, and thus the notes do not establish conception *by Reddy*.

██ In addition, counsel for Davis et al. observe that the Frederiksen notes do not show the *level* associated with the idle upturn function, but merely the downslope of the waveform at the idle upturn breakpoint. The failure of the notes to show this feature is fatal. A party claiming conception must show possession of every feature recited in the counts. This means that every limitation of the counts must be shown to have been known to the inventor at the time the invention is alleged to have been conceived. *Schur v. Muller*, 54 CCPA 1095, 1100, 372 F.2d 546, 551, 152 USPQ 605, 609 (1967); *Anderson v. Anderson*, 403 F.Supp. 834, 846, 188 USPQ 194, 203 (D.D.C.1975). The board has correctly found that the counts require a three-level waveform. Therefore, any proof of conception must show a three-level waveform by a preponderance of the evidence. Reddy's proofs fail to show it and are thus deficient.

None of the other evidence submitted by Reddy shows existence of this feature of the invention at the time of the meeting.

"There can be no derivation without prior conception on the part of the party alleging derivation." *Egnot v. Looker*, 55 CCPA 782, 789, 387 F.2d 680, 687, 156 USPQ 136, 142 (1967). Since we have held that Reddy has failed to prove conception of the invention prior to the meeting by a preponderance of the evidence, it follows that he has also failed to prove derivation of the invention by Davis et al. at the meeting.

The decision of the board awarding priority of counts 1–6, 8, and 9 to Reddy is *reversed*.

*REVERSED.*