852 F.2d 1293
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
PHLAPHONGPHANICH, Appellant,
v.
FABJANCIC, Appellee.
 No. 88-1128.
 United States Court of Appeals, Federal Circuit.
 June 17, 1988.
 
 Before MARKEY, Chief Judge, NICHOLS, Senior Circuit Judge, and BISSELL, Circuit Judge.
 MARKEY, Chief Judge.
 
 DECISION
 
 1
 The decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences (board), awarding priority to senior party patentee Fabjancic in Interference No. 101,358, is affirmed.
 
 OPINION
 
 2
 Because Phlaphongphanich filed his application while Fabjancic's was still pending, Phlaphongphanich was required to establish priority by a preponderance of the evidence. Davis v. Reddy, 620 F.2d 885, 888, 205 USPQ 1065, 1068 (CCPA 1980). Phlaphongphanich could do that by showing conception before Fabjancic's filing date coupled with reasonable diligence from just before that date to Phlaphongphanich's filing date. Oka v. Youssefyeh, No. 87-1501, slip op. at 6 (Fed.Cir. June 15, 1988); 35 U.S.C. Secs. 102(g), 171. To show conception, Phlaphongphanich was required to "show possession of every feature recited in the count." Coleman v. Dines, 754 F.2d 353, 224 USPQ 857, 862 (Fed.Cir.1985). One of those features was a "shovel-type or grooved vent" in the flange of the orthodontic baby nipple design.
 
 
 3
 The board properly rejected Phlaphongphanich's argument that his proofs of conception need not show the vent because it was an "immaterial element of the design." Although an "article of manufacture" may have structures not part of the claimed design, In re Zahn, 617 F.2d 261, 267, 204 USPQ 988, 994 (CCPA 1981); see MPEP Sec. 1503.02 (1987) (broken lines may be used to show environmental structure not part of claimed design), no portions of a claimed design are immaterial or unimportant. Zahn, 617 F.2d at 267, 204 USPQ at 994. Here, the design claimed by both parties included the vent.
 
 
 4
 That the vent may be functional does not remove it from the interference count. The issue before the board was priority, not patentability. Moreover, design patents may in some cases embody functional features. Lee v. Dayton-Hudson, 838 F.2d 1186, 1188, 5 USPQ2d 1625, 1626 (Fed.Cir.1988).
 
 
 5
 Because the board properly concluded that the vent was a feature of the interference count, and because Phlaphongphanich has shown no clear error in the board's finding that he did not aver having introduced a design with the vent into the United States before Fabjancic's filing date, we must affirm the board's decision.