**UNETTE CORPORATION, a New Jersey Corp., Appellant,**

v.

**UNIT PACK CO., INC., a New Jersey Corp., Appellee.**

**Appeal No. 85–2201.**

United States Court of Appeals, Federal Circuit.

March 5, 1986.

---

**12.** *See* note 10, *supra.*

Frederick Whitmer, Pitney, Hardin, Kipp & Szuch, Morristown, N.J., argued for appellant. With him on brief, was James A. Oliff, Parkhurst & Oliff, Alexandria, Va.

David Wolf, Wolf, Greenfield & Sacks, P.C., Boston, Mass., argued, for appellee. With him on brief, were Paul E. Kudirke and John L. Welch.

Before DAVIS, SMITH, and BISSELL, Circuit Judges.

EDWARD S. SMITH, Circuit Judge.

In this design patent infringement case, Unette Corporation (Unette) appeals from a judgment of the United States District Court for the District of New Jersey. Unette appeals the holding that U.S. design patent No. 267,927 (the '927 design patent) was not infringed, the denial of its cross-motion for summary judgment on the issue of infringement, and the dismissal of its motion for summary judgment on validity as moot. We affirm.

## Issues

Three questions are presented in this appeal:

(1) whether the district court properly applied the standard for infringement of a design patent as set out in *Gorham Co. v. White*;[1]

(2) whether "likelihood of confusion" is a factor to be determined under the *Gorham* test for infringement of a design patent; and

(3) whether this case is exceptional under section 285 for purposes of award of attorney fees on appeal.

## Background

Unette is the assignee of the '927 design patent in suit. The '927 design patent claims a dispensing container used for products such as shampoo, iodine, lubricant, douche concentrate, and bath oil. Unit Pack Co., Inc. (Unit Pack), manufactures and sells a tubular dispensing package for a douche concentrate for feminine hygiene purposes.

On June 4, 1984, Unette sued Unit Pack in the United States District Court for the District of New Jersey for infringement of the '927 design patent. Unit Pack answered with affirmative defenses of invalidity, unenforceability, and noninfringement. Both parties filed motions for summary judgment on infringement. Unette also filed a motion for summary judgment on validity. The motions were argued before Judge Sarokin. On March 8, 1985, Judge Sarokin issued an opinion and order granting Unit Pack's motion for summary judgment and denying Unette's cross-motion as to infringement, finding the '927 design patent not infringed. The court dismissed Unette's motion for summary judgment on validity as moot.

Unette contends that the district court erred in misinterpreting the *Gorham*[2] test for infringement of a design patent and applying the "likelihood of confusion" test for trademark infringement. Unit Pack, the prevailing party, argues that the district court employed the correct legal standard. Unit Pack also requests an award of costs and attorney fees.

## Infringement of the '927 Design Patent

■ The facts being undisputed, Unette argues that the district court's failure to

---

**1.** *Gorham Co. v. White*, 81 U.S. (14 Wall.) 511, 20 L.Ed. 731 (1871).

**2.** *Id.*

find the '927 design patent infringed by Unit Pack is reversible error because the district court applied an erroneous standard of law. We disagree. The standard for infringement of a design patent established by the Supreme Court in *Gorham* requires:[3]

> if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other.

Therefore, to find infringement, the accused dispenser must be compared to the claimed design to determine whether the two designs are substantially the same.

The dispensers are depicted in the briefs as follows:

Unette's claimed dispenser. Design patent 267,927.

Unit Pack's dispenser

■ In determining whether the two designs are substantially the same, the district court compared the similarities and differences of the dispensers. Unit Pack conceded that both designs included a long narrow-waisted shape and a "butt end." Both designs included a flag or "flag tip." The Unette dispenser includes an open area between the flag and the tube cartridge. The flag of Unit Pack's design was differ- ently shaped and differently marked. The district court further noted that Unit Pack's flag is so large as to appear not a flag at all, but a somewhat loose piece of plastic above a small notched V. Because the record fully supports the differences, we conclude that the district court did not commit reversible error in relying on differences between the designs. Although the district court supplemented the *Gor-*

**3.** *Id.* at 528.

*ham* test with a "point of novelty" requirement,[1] the results under either test are the same.[5]

 In determining the issue of infringement, the district court concluded that a "likelihood of confusion" did not exist between Unette's patented design and Unit Pack's product. Likelihood of confusion as to the source of the goods is not a necessary or appropriate factor for determining infringement of a design patent. The holder of a valid design patent need not have progressed to the manufacture and distribution of a "purchasable" product for its design patent to be infringed by another's product. A determination that the shape of the alleged infringing concentrate package is not visible to the consumer at the time of sale and, therefore, the consumer is unlikely to be confused by the similarity in a competitor's product is inapposite. Concluding that a purchaser is unlikely to be confused by any similarity in a competitor's product only serves to blur the otherwise clear line that exists between the test for infringement of a design patent and the "likelihood of confusion" test for infringement of a trademark. In this case, the district court expressly determined noninfringement by applying the standard for infringement of a design patent set out by the Supreme Court in *Gorham*. In addition, the district court determined Unit Pack's product sufficiently different to avoid confusion. In view of the district court's correct application of the *Gorham* test, we conclude that application of this additional test is harmless and not reversible error. In view of our decision affirming the holding that the '927 design patent was not infringed, Unette's motion for summary judgment of validity was properly dismissed as moot.

### Attorney Fees

Lastly, Unit Pack requests attorney fees contending that Unette's appeal was frivolous under the *Shelcore*[6] standard. *Shelcore* held that attorney fees may be recoverable in appeals of patent cases under 35 U.S.C. § 285 (1982) where activities on appeal render the case exceptional.[7] Based on our review of the record, we hold that Unette's appeal was not frivolous, nor is this appeal exceptional under section 285. Unit Pack failed to set forth sufficient circumstances as would justify an award of attorney fees under section 285. Accordingly, Unit Pack's request for attorney fees on appeal is denied.

### Conclusion

In summary, the district court's grant of summary judgment of noninfringement was proper. Unit Pack's request for award of attorney fees on appeal is denied, but appellee shall have its costs pursuant to FED.R.APP.P. 39. The judgment of the district court is affirmed.

AFFIRMED.

4. *Litton Sys., Inc. v. Whirlpool Corp.*, 728 F.2d 1423, 1444, 221 USPQ 97, 109 (Fed.Cir.1984) (quoting *Sears, Roebuck & Co. v. Talge*, 140 F.2d 395, 396 (8th Cir.1944)).

5. *Shelcore, Inc. v. Durham Indus., Inc.*, 745 F.2d 621, 628 n. 16, 223 USPQ 584, 590 n. 17 (Fed.Cir. 1984).

6. *Id.* at 630, 223 USPQ at 591.

