Robert W. LEE, d/b/a
Rollo-Laxer, Plaintiff,

v.

DAYTON–HUDSON CORPORATION,
d/b/a Target Stores, et al.,
Defendants.

Civ. No. 3–84–751.

United States District Court,
E.D. Tennessee, N.D.

March 19, 1987.

Robert E. Pitts, R. Bradford Brittian, Knoxville, Tenn., for plaintiff.

Douglas L. Dutton, Knoxville, Tenn., for Dayton-Hudson.

Geoffrey D. Kressin, Knoxville, Tenn., for Matrix.

MEMORANDUM OPINION

JARVIS, District Judge.

This is an action for patent infringement and arises under the patent laws of the United States (Title 35, U.S.C.). Jurisdiction is based upon 28 U.S.C. § 1338(a) and is not in dispute. The plaintiff, Robert W. Lee (hereinafter "Lee"), is the owner of United States letters patent design number 259,142 (sometimes hereafter referred to as "D'142") for the invention of the ornamental design for a massage implement. Defendants, Dayton-Hudson Corporation, d/b/a Target Stores (hereinafter "Dayton-Hudson") and Matrix International, Inc. (hereinafter "Matrix"), have marketed and sold three massage implements which plaintiff claims infringe his patent.

This action was bifurcated for trial. On March 16, 1987, trial, without intervention of a jury, was held on the following two issues which the parties have raised: (1) whether plaintiff's design patent number 259,142 was validly issued; and (2) if so, have the defendants infringed that patent. The question of what relief the plaintiff is entitled to has been reserved for trial on a later date if it becomes necessary.

The following constitutes this Court's findings of fact and conclusions of law in conformity with Rule 52(a), Fed.R.Civ.P.

### I. *The Patented and Alleged Infringing Devices.*

On May 5, 1981, the United States letters patent D'142 was issued to plaintiff, Robert W. Lee, and Robert H. Fulkerson for an invention of the ornamental design for a massage implement. Lee is now the owner of the entire patent. The patented design consists of an elongated wooden handle to which at one end are attached a pair of rotating balls or, as they are described by the plaintiff, "massage members". The massage members have a "fuzzy" appearance and a continuous seam and are, in fact, tennis balls. Since a picture can be worth a thousand words, an illustration of plaintiff's patented design (hereinafter referred to as "patented implement") is provided in Exhibit A to the Appendix to this Opinion.

Subsequent to the issue of plaintiff's patent, defendant began marketing and selling three types of massage implements which plaintiff claims infringe his patent. The parties have identified the three alleged infringing devices as follows:

1. The Anthony Williams model 2293;
2. The Matrix model 50; and
3. The Matrix model 1050.

Each of these three implements also consist of an elongated wooden handle to which at one end are attached two rotating balls or massage members. The alleged infringing implements contain a number of differences from the patented design, the most significant of which is that the rotating balls are wooden balls rather than tennis balls. Illustrations of the three alleged infringing devices are provided in Exhibits B, C and D in the Appendix to this Opinion.

The defendants do not dispute that they have marketed and sold the alleged infringing devices.

### II. *The Validity of Plaintiff's Patent.*

The first issue presented is the validity of plaintiff's patent. 35 U.S.C. § 171 provides as follows:

Whoever invents any new, original and ornamental design for an article of manufacture may obtain a patent therefor, subject to the conditions and requirements of this title.

The provisions of this title relating to patents for inventions shall apply to patents for designs, except as otherwise provided.

Thus, for a design patent to be valid under Title 35, it must be "new, original, ornamental, nonobvious, and the result of invention." *Clark Equipment Company v. Keller*, 570 F.2d 778, 799 (8th Cir.), *cert. denied*, 439 U.S. 825, 99 S.Ct. 96, 58 L.Ed.2d 118 (1978). Under 35 U.S.C. § 282, a patent "which has survived the scrutiny of the patent office carries a presumption of validity, and a party objecting to the validity of a patent bears the burden of establishing invalidity." *Id.* at 794. The defendants challenge the nonobviousness of plaintiff's patent.

The standard for determining whether subject matter sought to be patented is nonobvious is set forth in 35 U.S.C. § 103:

A patent may not be obtained though the invention is not identically disclosed or described as set forth in Section 102 of this Title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

Accordingly, in order to determine the nonobviousness of the patented design, this Court is required to examine the prior art. A number of illustrations showing the prior

art cited by the examiner in the United States Patent and Trademark Office and by defendants in their Section 282 Notice of Prior Act are displayed in Exhibit E to the Appendix to this Memorandum.

A review of the prior art demonstrates a number of massage implements containing one or more rotating balls or massage members. Many of the devices contain handles. However, none contain, as the plaintiff's patented implement does, an elongated wooden handle with two rotating balls at one end.

The defendants presented no expert testimony at trial on the issue of whether the prior art was such that "the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which the subject matter pertains." Comparing the plaintiff's patented design with the prior art, this Court is of the opinion that the defendants have not borne their burden of establishing the invalidity of plaintiff's patent.

III. *The Question of Infringement.*

■ The second issue is whether, given the validity of plaintiff's patent, any of the implements manufactured and sold by the defendants infringe that patent. The test for infringement of a design patent was established by the United States Supreme Court in *Gorham Co. v. White*, 81 U.S. (14 Wall.) 511, 526–28, 20 L.Ed. 731 (1871). That test is still valid today:

> Plainly, it must be sameness of appearance, and mere differences of lines in the drawing or sketch, a greater or smaller number of lines, or slight variances in configuration, if sufficient to charge the effect upon the eye, will not destroy the substantial identity. An engraving which has many lines may present to the eye the same picture, and to the mind the same idea or conception as another with much fewer lines. The design, however, would be the same. So a pattern for a carpet, or a print may be made up of wreaths of flowers arranged in a particular manner. Another carpet may have similar wreaths, arranged in a like manner, so that none but very acute observ-

ers could detect a difference. Yet in the wreaths upon one there may be fewer flowers, and the wreaths may be placed at wider distances from each other. Surely in such a case the designs are alike. The same conception was in the mind of the designer, and to that conception he gave expression.

·     ·     ·     ·     ·

> The purpose of the law must be affected if possible; but, plainly, it cannot be if, while the general appearance of the design is preserved, minor differences of detail in the manner in which the appearance is produced, observable by experts, but not noticed by ordinary observers, by those who buy and use, are sufficient to relieve an imitating design from condemnation as an infringement.

> We hold, therefore, that *if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other.*

*Id.* at 526–28 (emphasis supplied). It is not necessary that the accused product and the patented design be identical, only that there be substantial identity of appearance from the prospective of an ordinary observer. *Bergstrom v. Sears*, 496 F.Supp. 476, 207 U.S.P.Q. 481 (D.Minn.1980). In addition, the accused device must appropriate the novelty in the patented device which distinguishes it from the prior art. *Id.*, at 487, 207 U.S.P.Q. at 496.

■ In the opinion of the Court, based on a visual inspection of the patented and alleged infringing devices, there is not a substantial identity of appearance between them so as to deceive the ordinary observer. Therefore, the Anthony Williams model 2293, the Matrix model 50 and the Matrix model 1050 do not infringe the plaintiff's patent.

The Court notes the following principal differences between the plaintiff's patent D'142 and the alleged infringers: (1) the ornamental design or configuration of the

wooden handles are significantly different on the alleged infringing instruments from the patented instruments (*i.e.*, the patented instrument is wider at the end opposite the rotating balls while the handles of the alleged infringing instruments are roughly of equal width on each end); (2) on the alleged infringing implements the wooden handles extend all of the way up to the equator of the balls or massage members while the patented implements contain a metal "T" device extending from the end of the wooden handle and to which the tennis balls are attached; (3) on the patented instruments a metal cap appears on the end of each of the tennis balls and no caps appear on the wooden balls of the alleged infringing instruments; and (4) most significantly, the balls or massage members themselves are significantly different in appearance. The alleged infringing instruments have wooden balls attached while the patented device has tennis balls of various colors attached. The tennis balls, of course, have a "fuzzy" appearance and a continuous seam. The wooden balls are smooth and contain no seam. They are quite different in their external appearance.

This Court must consider these differences *in toto* as they affect the appearance of the implements to an ordinary observer and consider what their overall effect is. Quite simply, upon this Court's inspection of the patented and alleged infringing implements, I do not believe that an ordinary observer, giving these devices such attention as a purchaser usually gives, would be induced to purchase one of the alleged infringing devices supposing it to be one of the patented devices. *See Gorham*, at 528. The devices are simply too different in appearance. Perhaps this would not be so if both the patented and alleged infringing devices contained tennis balls, but they do not. The difference created by the use of balls composed of such vastly different material is so great that the possibility of deception as required by the *Gorham* standard cannot be met.

IV. *Conclusion.*

In light of the foregoing, this Court holds that the design patent 259,142 owned by the plaintiff is valid, but that the Williams model 2293, the Matrix model 50 and the Matrix model 1050 do not infringe that patent. Accordingly, judgment will be entered in favor of the defendants, and the plaintiff's complaint dismissed.

Order accordingly.

1076

Fig.1

---

EXHIBIT B
EDITOR'S NOTE: Exhibit B, an advertisement for the "Anthony Williams Model 2293," has been omitted due to the unavailibility of a copy suitable for reproduction.

EXHIBIT C

**U.S. Patent**        Aug. 23, 1983        **Des. 270,279**

FIG 1

FIG.2

FIG.3

FIG.4

MATRIX MODEL 1050

EXHIBIT D

**U.S. Patent**     Jul. 3, 1984     **Des. 274,555**

FIG.1

FIG.2

FIG. 3

MATRIX MODEL 50

EXHIBIT E, p.1

EXHIBIT E, p.3

**June 17, 1941.**     R. J. PATTERSON     **2,246,263**

June 16, 1942.  J. L. WENTZ  2,286,324

MASSAGE ROLLER

Filed Jan. 18, 1941

.EXHIBIT E, p.5

**Oct. 19, 1954**

EXHIBIT E, p.6

**Patented Nov. 24, 1970**        **3,542,016**

