**Robert W. LEE d/b/a Rollo–Laxer, Plaintiff–Appellant,**

v.

**DAYTON–HUDSON CORPORATION d/b/a Target Stores and Matrix International, Inc., Defendants–Appellees.**

No. 87–1311.

United States Court of Appeals, Federal Circuit.

Feb. 3, 1988.

Robert E. Pitts and R. Bradford Brittian, Pitts & Brittian, Knoxville, Tenn., for plaintiff-appellant.

Geoffrey D. Kressin, Norton & Luhn, Knoxville, Tenn., for defendants-appellees.

Before NEWMAN, Circuit Judge, COWEN, Senior Circuit Judge, and BISSELL, Circuit Judge.

PAULINE NEWMAN, Circuit Judge.

Robert W. Lee, doing business as Rollo–Laxer, appeals the judgment of the United States District Court for the Eastern District of Tennessee, Northern Division,[1]

holding that Mr. Lee's United States Design Patent No. 259,142 is not infringed by the accused devices. We affirm.

## OPINION

■ The question of infringement is a factual one, to be proven by preponderant evidence and to be reviewed on appeal for clear error. *Mannesmann Demag Corp. v. Engineered Metal Products Co.*, 793 F.2d 1279, 1282, 230 USPQ 45, 46 (Fed.Cir. 1986).

### A.

Appellant Lee's patented design for a massage device is shown as follows:

Following is an illustration of one of the accused devices:

In determining the question of infringement the district court applied the standard of visual similarity of design stated in *Gorham Co. v. White*, 81 U.S. (14 Wall.) 511, 528, 20 L.Ed. 731 (1872):

> [I]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other.[2]

---

1. *Lee v. Dayton–Hudson Corp.*, 666 F.Supp. 1072, 2 USPQ2d 1300 (E.D.Tenn.1987).

2. Of course, it is not the first *design* that is infringed, but the patent on it, which creates the right to exclude others for a limited time.

The district court found that "there is not a substantial identity of appearance between them so as to deceive the ordinary observer". *Lee*, 666 F.Supp. at 1074, 2 USPQ2d at 1302.

Mr. Lee argues that his design patent covers a massage device wherein an elongated handle has two opposing balls at one end, and that the patent is perforce infringed by a massage device with that general configuration. He argues that the novelty of his design resides in its basic configuration, not the surface details, and points out that the references cited by the Patent and Trademark Office do not show this basic configuration.

 However, by obtaining a design patent, not a utility patent, Mr. Lee limited his patent protection to the ornamental design of the article:

> 35 U.S.C. § 171. Whoever invents any new, original and ornamental design for an article of manufacture may obtain a patent therefor, subject to the conditions and requirements of this title.

Design patents do not and cannot include claims to the structural or functional aspects of the article:

> 37 C.F.R. § 1.153(a) ... The claim shall be in formal terms to the ornamental design for the article (specifying name) as shown, or as shown and described. More than one claim is neither required nor permitted.

Emphasizing that the design patent is limited to ornamentation, we have stated in *Power Controls Corp. v. Hybrinetics, Inc.*, 806 F.2d 234, 238, 231 USPQ 774, 777 (Fed. Cir.1986):

> If the patented design is primarily functional rather than ornamental, the patent is invalid.

*See also In re Garbo*, 287 F.2d 192, 193–94, 129 USPQ 72, 73 (CCPA 1961):

> It is true ... that a design may embody functional features and still be patenta-

ble, but in order to attain this legal status under these circumstances, the design must have an unobvious appearance distinct from that dictated solely by functional considerations.

As explained in *In re Carletti*, 328 F.2d 1020, 1022, 140 USPQ 653, 654 (CCPA 1964):

> Many well-constructed articles of manufacture whose configurations are dictated solely by function are pleasing to look upon, for example a hexnut, a ball bearing, a golf club, or a fishing rod, the pleasure depending largely on one's interests. But it has long been settled that when a configuration is the result of functional considerations only, the resulting design is not patentable as an ornamental design for the simple reason that it is not "ornamental"—was not created for the purpose of ornamenting.

*Accord Applied Arts Corp. v. Grand Rapids Metalcraft Corp.*, 67 F.2d 428, 430, 19 USPQ 266, 269 (6th Cir.1933):

> The patented design is comparatively simple, and without ornamentation. In the main its configuration is made imperative by the elements which it combines and by the utilitarian purpose of the device. ... To hold that general configuration made necessary by function must give to a patented design such breadth as to include everything of similar configuration, would be to subvert the purpose of the law, which is to promote the decorative arts. ...

Thus it is the non-functional, design aspects [3] that are pertinent to determinations of infringement. To that end, the district court correctly viewed the design aspects of the accused devices: the wooden balls, their polished finish and appearance, the proportions, the carving on the handle, and all other ornamental characteristics, considered to the extent that they would be considered by "the eye of an ordinary observer", *Gorham*, 81 U.S. (14 Wall.) at 528.

---

**3.** The legal protection of industrial designs was the subject of recent congressional hearings. *See Industrial Innovation and Technology Act: Hearings on S. 791 Before the Subcomm. on Patents, Copyrights and Trademarks of the Senate Comm. on the Judiciary*, 100th Cong., 1st

Sess. 8–9 (1987) (statement of Hon. Giles S. Rich): "[T]here is definitely no Federal statute today suited to the needs of designers and design owners. ... [T]he great bulk of industrial design is simply not protectable by design patents."

■ Mr. Lee argues that "these differences comprise only differences in surface ornamentation which do not go to the inventive concept of the patent". But a design patent is not a substitute for a utility patent. A device that copies the utilitarian or functional features of a patented design is not an infringement unless the ornamental aspects are also copied, such that the overall "resemblance is such as to deceive". *Id.*

■ The district court found that the differences in appearance between Lee's design and the accused devices are sufficient to make apparent to an ordinary observer that one design is not the other. We do not discern clear error in this finding of non-infringement.

### B.

Mr. Lee argues that the district court erred in determining infringement by comparing the accused devices with a model of the patented device, rather than solely with the drawing in the patent document. The court stated that it considered the devices in view of their overall effect, discussed the "principal differences between the plaintiff's patent D'142 and the alleged infringers", and appeared to attach weight to the patented design's showing of, and Lee's use of, fuzzy tennis balls as compared with the polished wood balls of the accused devices. The court remarked on its "visual inspection of the patented and alleged infringing devices".

The district court had before it models and drawings of all the devices, which enabled it to view the designs as a whole as required by law. *Gorham*, 81 U.S. (14 Wall.) at 530; *Power Controls*, 806 F.2d at 239–40, 231 USPQ at 778; *see also In re Rubinfield*, 270 F.2d 391, 395, 123 USPQ 210, 214 (CCPA 1959), *cert. denied*, 362 U.S. 903, 80 S.Ct. 611, 4 L.Ed.2d 554 (1960) ("It has been consistently held for many years that it is the appearance of a design as a whole which is controlling in determining questions of patentability and infringement").[4]

■ When no significant distinction in design has been shown between the patent drawing and its physical embodiment, it is not error for the court to view them both, and to compare the embodiment of the patented design with the accused devices.

■ Lee also points to the court's observation that the tennis balls used in the physical model of the Lee design were colored, arguing that color has no role in design patent infringement and that the court may have been improperly influenced by the color differences of the accused structures. Mr. Lee has not asserted that the model was not otherwise a fair exemplar of the patented design. The record does not support Lee's view that the district court's reference to the colored tennis balls means that the court's decision turned on the color differences. The court is presumed to have applied the law correctly, absent a clear showing to the contrary. *See* 7 Moore's Federal Practice ¶ 61–11 at 61–43 (2d ed. 1987) ("error is not to be presumed but must be affirmatively shown") (citing *Higgins v. Carr Bros. Co.*, 317 U.S. 572, 63 S.Ct. 337, 87 L.Ed. 468 (1943)).

Lee has not shown that the court made clearly erroneous comparisons or drew clearly erroneous conclusions on the bases here discussed.

### C.

Mr. Lee argues that even if there are differences sufficient to negate literal infringement, infringement should lie in terms of the doctrine of equivalents. Indeed, the standard set forth in *Gorham* itself requires that infringement be found where "two designs are substantially the same", 81 U.S. (14 Wall.) at 528, thus using words associated with equivalency. While

---

**4.** This court in *Litton Systems, Inc. v. Whirlpool Corp.*, 728 F.2d 1423, 1444, 221 USPQ 97, 109–10 (Fed.Cir.1984), discussed a "point of novelty" test for the infringement of design patents. However, unless the *Gorham* standard for finding infringement is met by the accused devices there is no need for detailed analysis in terms of the prior art. *See Shelcore, Inc. v. Durham Industries, Inc.*, 745 F.2d 621, 628 n. 16, 223 USPQ 584, 590 n. 17 (Fed.Cir.1984).

the way/function/result test of *Graver Tank & Mfg. Co. v. Linde Air Products Co.,* 339 U.S. 605, 608, 70 S.Ct. 854, 856, 94 L.Ed. 1097, 85 USPQ 328, 330 (1950) is not directly transferable to design patents, it has long been recognized that the principles of equivalency are applicable under *Gorham.* In *Schnadig Corp. v. Gaines Mfg. Co.,* 494 F.2d 383, 391–92, 181 USPQ 417, 423 (6th Cir.1974), the court applied *Gorham* in affirming that the differences between the patented design and accused device were minor, stating that:

> We are mindful of the oft-quoted words of the Supreme Court in *Graver Tank* [339 U.S. at 607, 70 S.Ct. at 856, 85 USPQ at 330]:
>
>> One who seeks to pirate an invention, like one who seeks to pirate a copyrighted book or play, may be expected to introduce minor variations to conceal and shelter the piracy. Outright and forthright duplication is a dull and very rare type of infringement.

*See also Sanson Hosiery Mills, Inc. v. Warren Knitting Mills, Inc.,* 202 F.2d 395, 397, 96 USPQ 247, 249 (3rd Cir.1953) (design patents are entitled to a range of equivalents).

■ While we agree with Lee that infringement can be found for designs that are not identical to the patented design, such designs must be equivalent in their ornamental, not functional, aspects. *See In re Garbo,* 287 F.2d at 193, 129 USPQ at 73. The accused devices must meet the *Gorham* test of similarity of ornamental appearance such that an ordinary observer would be likely to purchase one thinking it was the other. In the present case, the district court did not err in finding that the designs were not equivalent.

We therefore affirm the judgment that the accused devices do not infringe Design Patent No. 259,142.

AFFIRMED.