**SUN HILL INDUSTRIES, INC.,**
**Plaintiff/Cross–Appellant,**

v.

**EASTER UNLIMITED, INC. d/b/a Fun**
**World, Defendant–Appellant,**

**and**

**Fay's Incorporated and Syndicated**
**Sales Co., Inc. Defendants.**

Nos. 94–1235, 94–1256.

United States Court of Appeals,
Federal Circuit.

Feb. 23, 1995.

Rehearing Denied; Suggestion for
Rehearing In Banc Declined
April 20, 1995.

---

Gerard F. Dunne, P.C., New York City, argued for plaintiff/cross-appellant. Of counsel was Edward Lawson, Jr.

Lawrence Rosenthal, Stroock & Stroock & Lavan, of New York City, argued for defendant-appellant. With him on the brief was Mark P. Kesslen and Gordon M. Kessler.

Before MICHEL, LOURIE, and RADER, Circuit Judges.

RADER, Circuit Judge.

Sun Hill Industries, Inc. sued Easter Unlimited, Inc. (doing business as Fun World) for infringing Sun Hill's Design Patent No. 310,023. After a bench trial, the court found the patent not invalid, and infringed by some, but not all, of the accused Fun World products. *Sun Hill Indus., Inc. v. Easter Unlimited, Inc.*, 831 F.Supp. 1024, 29 USPQ2d 1115 (E.D.N.Y.1993) (*Sun Hill*); *Sun Hill Indus., Inc. v. Easter Unlimited, Inc.*, No. CV–92–1783 (E.D.N.Y. Feb. 15, 1994). Because none of Fun World's products appropriate

the novel features of Sun Hill's claimed design, this court affirms the noninfringement findings and reverses the infringement findings.

## BACKGROUND

The patent, titled "Bag," claims "the ornamental design for a bag, as shown and described" in fifteen patent drawings. The drawings show a bag tied at the top and having one of three bottom closures. The drawings show a bag with vertical stripes and Halloween-style "happy" and "scary" jack-o-lantern faces on opposing sides:

 

Sun Hill markets an embodiment of the patented design called the GIANT STUFF–A–PUMPKIN. The GIANT STUFF–A–PUMPKIN is a large, orange, plastic lawn bag. It displays the claimed features of vertical stripes, opposing happy and scary faces, and one of the claimed bottom closures. When stuffed with leaves or other debris and tied at the top, it resembles a huge Halloween pumpkin.

The prior art includes the Noteworthy bag, a yellow plastic Halloween trick-or-treat bag sold by Noteworthy Industries, Inc. The two sides of the Noteworthy bag are identical. The following illustration appears at the upper right corner of each side:

**Empty used as Trick or treat bag.**

**Stuffed with paper a decorative pumpkin!**

As the illustration shows, the Noteworthy bag can be stuffed with paper and tied at the top. The resulting "decorative pumpkin" has vertical stripes and opposing identical happy jack-o-lantern faces.

When it became aware of the GIANT STUFF–A–PUMPKIN, Fun World decided to enter the Halloween lawn bag market. Fun World designed a line of orange plastic Halloween lawn bags of various sizes. During design, Fun World consulted with its attorneys to avoid liability for infringement. *Sun Hill,* 831 F.Supp. at 1029. Fun World's Halloween lawn bags have a jack-o-lantern face on only one side, lack stripes, and have a different bottom closure than claimed in the patent. *Id.* at 1028. Fun World took the facial features for some of its bags from prior art Fun World Halloween novelty products.

Sun Hill accused Fun World of infringing both the patent and its registered copyright on the facial features disclosed in the patent and used on the GIANT STUFF–A–PUMPKIN. In a summary judgment ruling, the trial court determined that Fun World does not infringe the copyright because its bags

do not usurp Sun Hill's facial features. *Id.* at 1026. Sun Hill does not appeal this ruling.

In its opinion on the patent issues, the trial court found that the design patent recites "a shiny, stuffed bag which has jack-o-lantern faces on either side." *Id.* at 1035. The patent, the trial court observed, does not show other features of the GIANT STUFF–A–PUMPKIN:

> [T]he patent never mentions color or size or material—despite standard ways to include such information, *see* Manual of Patent Examining Procedures [section 608.02 (5th ed. latest rev. 1994)]....

*Id.* at 1035–36.

In assessing infringement, however, the trial court relied on color, size, and material—features not shown in the patent. *See id.* at 1036. The trial court found that the larger Fun World bags infringe both literally and under the doctrine of equivalents, *id.* at 1037, even though

> Fun World's product [sic] has only one face, no vertical lines, and a different bottom tuck.

*Id.* at 1036. In its judgment, the trial court found that the smaller Fun World bags, which are indistinguishable except in size from the larger bags, do not infringe. *Sun Hill Indus., Inc. v. Easter Unlimited, Inc.,* No. CV–92–1783, slip op. at 2 (E.D.N.Y. Feb. 15, 1994). The trial court also found the patent nonobvious over the asserted prior art. *Sun Hill,* 831 F.Supp. at 1031–34.

Fun World appeals the trial court's infringement and validity findings. Sun Hill appeals the finding that Fun World's smaller bags do not infringe.

## DISCUSSION

### I.

 Design patent infringement occurs only when the accused design is "substantially the same" as the claimed design. *Gorham Co. v. White,* 81 U.S. (14 Wall.) 511, 528, 20 L.Ed. 731 (1871); *L.A. Gear, Inc. v. Thom McAn Shoe Co.,* 988 F.2d 1117, 1124, 25 USPQ2d 1913, 1918 (Fed.Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 291, 126 L.Ed.2d 240 (1993). The patent claim mea-

sures the invention. *Environmental Designs, Ltd. v. Union Oil Co.,* 713 F.2d 693, 699, 218 USPQ 865, 871 (Fed.Cir.1983), *cert. denied,* 464 U.S. 1043, 104 S.Ct. 709, 79 L.Ed.2d 173 (1984). Therefore, "to find infringement, the accused [product] must be compared to the claimed design to determine whether the two designs are substantially the same." *Unette Corp. v. Unit Pack Co.,* 785 F.2d 1026, 1028, 228 USPQ 933, 934 (Fed.Cir. 1986).

 The test for infringement is not whether the accused product is substantially similar to the patentee's commercial embodiment of the claimed design. *Loctite Corp. v. Ultraseal Ltd.,* 781 F.2d 861, 870, 228 USPQ 90, 95 (Fed.Cir.1985). Such a test risks relying on unclaimed and therefore irrelevant features as grounds for similarity or difference. It is legal error to base an infringement finding on features of the commercial embodiment not claimed in the patent. *See Payless Shoesource, Inc. v. Reebok Int'l Ltd.,* 998 F.2d 985, 990, 27 USPQ2d 1516, 1520–21 (Fed.Cir.1993).

 The trial court committed legal error by relying on unclaimed features of Sun Hill's commercial embodiment. The trial court recognized that "the patent never mentions color or size or material." *Sun Hill,* 831 F.Supp. at 1035. But the court erroneously relied on these unclaimed features of Sun Hill's GIANT STUFF–A–PUMPKIN in finding infringement:

> [T]here is no question that [one of the Fun World bags] and [the GIANT STUFF–A–PUMPKIN] have a nearly identical overall appearance: both products are *oversized* and suitable for stuffing and displaying on a lawn; the lower portion of each pumpkin bag is tucked inward in order to take on a rounded shape when stuffed; both bags are formed of *orange plastic*; and both are imprinted with black graphics although the precise facial features differ. In sum, when used as intended, each product resembles a *giant* jack-o-lantern.

*Id.* at 1036 (emphasis added). Color, size, and material are the primary grounds of similarity in the trial court's analysis. Moreover, the trial court erroneously relied on

size alone in finding that Fun World's larger bags infringe, while its otherwise indistinguishable smaller bags do not.

The trial court misread this court's opinion in *Lee v. Dayton–Hudson Corp.*, 838 F.2d 1186, 5 USPQ2d 1625 (Fed.Cir.1988), to sanction comparing the accused device and unclaimed features of the commercial embodiment to find infringement. The trial court openly compared Fun World's products with Sun Hill's commercial embodiment because the commercial embodiment contains all of the claimed features. *Sun Hill*, 831 F.Supp. at 1035–36. This incorrect analysis overlooks, however, that the commercial embodiment also contains many features beyond those in the patent claim, namely color, size, and material. The trial court must measure infringement against the claim, not against a commercial embodiment that contains more than the claim.

This court's opinion in *Lee* recognizes this principle. This court stated in *Lee*:

> When no significant distinction in design has been shown between the patent drawing and its physical embodiment, it is not error ... to compare the embodiment of the patented design with the accused devices.

*Lee*, 838 F.2d at 1189, *quoted in Sun Hill*, 831 F.Supp. at 1035. This case, however, presents a commercial embodiment distinct from the patented design because it contains more features. Therefore, in performing a comparison with the commercial embodiment in this case, the fact finder had the obligation to carefully confine its comparison only to the claimed features, and not to unclaimed features, of the commercial embodiment. *See Payless*, 998 F.2d at 990. When the trial court compared the accused design to Sun Hill's commercial embodiment without observing this obligation, it improperly expanded the patentee's right to exclude to unclaimed design features.

## II.

■ Beyond the substantial similarity requirement of *Gorham* and *L.A. Gear*, design patent infringement requires that the accused product "appropriate the novelty in the patented device which distinguishes it from the prior art." *Litton Sys., Inc. v. Whirlpool Corp.*, 728 F.2d 1423, 1444, 221 USPQ 97, 109 (Fed.Cir.1984) (quoting *Sears, Roebuck & Co. v. Talge*, 140 F.2d 395, 396, 60 USPQ 434, 434–35 (8th Cir.1944)). The patentee must prove both substantial similarity and appropriation of the "point of novelty." *Shelcore, Inc. v. Durham Indus., Inc.*, 745 F.2d 621, 628 n. 16, 223 USPQ 584, 590 n. 17 (Fed.Cir. 1984).

Although the trial court recognized the point of novelty test, *Sun Hill*, 831 F.Supp. at 1034–35, the trial court did not consider whether Fun World had appropriated the specific novel features of Sun Hill's claimed design. The trial court instead asserted that "the essence of the product's design" controls. *Id.* at 1035. The trial court then concluded that "if a product has some function which, combined with its [overall] design, justifies its protection, that may be its point of novelty." *Id.*

■ Both steps in the trial court's reasoning are flawed. First, *Litton* and *Shelcore* establish that the fact finder must consider both the claimed overall design and the point of novelty in assessing infringement. This the trial court failed to do. Second, the trial court cannot evade the point of novelty test by relying on the claimed overall design as the point of novelty:

> To consider the overall appearance of a design without regard to prior art would eviscerate the purpose of the "point of novelty" approach, which is to focus on those aspects of a design which render the design different from prior art designs.

*Litton*, 728 F.2d at 1444, 221 USPQ at 109–110.

*Winner Int'l Corp. v. Wolo Mfg. Corp.*, 905 F.2d 375, 376, 15 USPQ2d 1076, 1077 (Fed. Cir.1990). The trial court's choice of the overall design as the point of novelty, and its consequent collapsing of the point of novelty test into the substantial similarity test, constitute legal error.

## III.

■ This court need not, however, remand for an infringement assessment under the correct legal standard, because "nothing of

record warrants a further exercise of the fact-finding function." *Panduit Corp. v. Dennison Mfg. Co.*, 810 F.2d 1561, 1565–66, 1 USPQ2d·1593, 1595 (Fed.Cir.), *cert. denied*, 481 U.S. 1052, 107 S.Ct. 2187, 95 L.Ed.2d 843 (1987). The record demonstrates that Fun World has not appropriated the point of novelty of Sun Hill's claimed design. The point of novelty of Sun Hill's claimed design is narrow. The trial court identified the claimed features in its description of the patent:

> The drawings that make up the '023 patent show six views of the same ornamental object which has facial features on both sides, a [bottom] closure, and a shiny surface as demonstrated by the shading; nothing in the patent mentions color or size or material.

*Sun Hill*, 831 F.Supp. at 1027–28. The facial features consist of vertical stripes and contrasting jack-o-lantern faces.

The Noteworthy bag discloses several of these claimed features. The illustration on the Noteworthy bag, reproduced above, teaches stuffing the bag with paper and tying it at the top. The resulting "decorative pumpkin" has vertical stripes and opposing identical happy jack-o-lantern faces. The record does not show whether the plastic used in the Noteworthy bag has a shiny surface.

The only differences between the trial court's description of Sun Hill's claimed design and the Noteworthy bags are the contrasting jack-o-lantern faces, the bottom closure, the specific features of the jack-o-lantern faces, and the shiny surface. The point of novelty therefore consists at most of these four features. This court assumes, without deciding, that *none* of these features are functional, and therefore all qualify as valid points of novelty of the claimed ornamental design. *Cf. Lee*, 838 F.2d at 1188 ("it is the non-functional, design aspects that are pertinent to determinations of infringement").

The trial court mistakenly asserted two additional differences between the claimed design and the Noteworthy bag. *Sun Hill*, 831 F.Supp. at 1033. First, the trial court clearly erred by finding that the Noteworthy bag does not "represent a pumpkin":

> While the [Noteworthy] bag is rounded, it differs from the products in question in that it contains a jack-o-lantern, but itself does not represent a pumpkin. . . .

*Id.* The illustration on the Noteworthy bag itself contradicts this statement. As the trial court also recognized, *id.*, this illustration on the Noteworthy bag shows that it can be stuffed and tied at the top to make a "decorative pumpkin."

The trial court also clearly erred by relying on unclaimed features to distinguish the Noteworthy bag from the patented design:

> [T]he latter is unique because it transforms an ordinary trash or leaf bag into a lawn ornament by furnishing that old article of manufacture with a new ornamental and decorative aspect.

*Id.* This statement asserts the size and function of Sun Hill's commercial embodiment as distinguishing features. But as the trial court correctly observed, "nothing in the patent mentions . . . size." *Id.* at 1028. As for function, the patent is simply titled "Bag." Neither the patent nor the prosecution history limits Sun Hill's claimed bag to lawn bags. Size and function are not points of novelty of the claimed design.

As mentioned above, Sun Hill's claimed design has at most four points of novelty. The accused Fun World products have none of these features. As the parties stipulated, and the trial court recognized, *id.* at 1028, each Fun World bag has a jack-o-lantern face on only one side and has a different bottom closure. The trial court concluded on summary judgment, furthermore, that Fun World has not usurped the specific facial features Sun Hill claims. *Id.* at 1026. Finally, neither the trial court nor the record indicates that the accused Fun World bags have a shiny surface.

Because Fun World has not appropriated any of the features that make up the point of novelty of Sun Hill's claimed design, Fun World cannot, as a matter of law, infringe. This case is similar to *Litton*, where this court reversed an infringement finding because the accused design had none of the novel claimed design features. *Litton*, 728

F.2d at 1444. This court's reasoning in that case applies equally here:

> We recognize that minor differences between a patented design and an accused article's design cannot, and shall not, prevent a finding of infringement. In this case, however, "while there is some similarity between the patented and alleged infringing designs, which without consideration of the prior art might seem important, yet such similarity as is due to common external configuration is no greater, if as great, between the patented and challenged designs as between the former and the designs of the prior art." *Applied Arts Corp. v. Grand Rapids Metalcraft Corp.,* 67 F.2d 428, 430, 19 USPQ 266, 268 (6th Cir.1933).

*Litton,* 728 F.2d at 1444. This court concluded in *Litton* that the trial court had clearly erred in finding infringement. *Id.* The trial court clearly erred here as well.

The result is the same under the doctrine of equivalents. While the doctrine of equivalents applies to design patent cases, *Lee,* 838 F.2d at 1190, it applies only when the accused product includes features equivalent to the novel claimed design features. A patentee cannot invoke the doctrine to evade scrutiny of the point of novelty, because to do so would "eviscerate the purpose of the 'point of novelty' approach, which is to focus on those aspects of a design which render the design different from prior art designs." *Winner,* 905 F.2d at 376 (citing *Litton,* 728 F.2d at 1444). Thus, when faced in *Litton* with an accused product that appropriated none of the novel claimed features, this court reversed the infringement finding without separate consideration of the doctrine of equivalents. *Litton,* 728 F.2d at 1444. The doctrine of equivalents cannot apply here either.

## IV.

Having determined that Fun World does not infringe Sun Hill's patent, this court need not address the trial court's validity finding. As the prevailing party on infringement, Fun World cannot "compel [this] court to revisit the finding of validity (which [has] become immaterial to the disposition of the case)."

*Cardinal Chem. Co. v. Morton Int'l, Inc.,* —— U.S. ——, ——, 113 S.Ct. 1967, 1973, 124 L.Ed.2d 1 (1993) (discussing *Electrical Fittings Corp. v. Thomas & Betts Co.,* 307 U.S. 241, 242, 59 S.Ct. 860, 860–61, 83 L.Ed. 1263 (1939)). Nor must this court vacate the validity finding, because Fun World stated at oral argument that it would waive its validity appeal if it prevailed on infringement. *Cf. Cardinal,* —— U.S. at ——, 113 S.Ct. at 1973. Absent a request to vacate the validity finding, this court declines to do so.

## CONCLUSION

None of Fun World's products appropriate the novel features of Sun Hill's claimed design. Therefore, Fun World does not infringe. The district court correctly found that Fun World's smaller bags do not infringe, but clearly erred by finding that Fun World's larger bags infringe.

## COSTS

Each party shall bear its own costs.

AFFIRMED–IN–PART AND REVERSED–IN–PART.