70 F.3d 130
 37 U.S.P.Q.2d 1054
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Tony COLIDA, Plaintiff-Appellant,
v.
SONY CORPORATION, Defendant-Appellee.
 No. 95-1375.
 United States Court of Appeals, Federal Circuit.
 Nov. 16, 1995.
 
 Before ARCHER, Chief Judge, MICHEL and RADER, Circuit Judges.
 RADER, Circuit Judge.
 
 
 1
 Tony Colida appeals the decision of the United States District Court for the Northern District of New York.* The district court granted Sony Electronics, Inc. summary judgment of noninfringement and invalidity on Mr. Colida's U.S. Design Patent No. 321,184 (the '184 patent). In the absence of genuine issues of material fact on noninfringement, this court affirms this part of the summary judgment. The record, however, discloses genuine issues of material fact about whether the '184 patent design is functional or anticipated. Therefore, this court vacates and remands the trial court's grant of summary judgment on invalidity.
 
 BACKGROUND
 
 2
 The '184 patent claims an ornamental design for a portable cellular handset telephone. Figure 5 of the '184 patent is shown:
 
 
 3
 NOTE: OPINION CONTAINS TABLE OR OTHER DATA THAT IS NOT VIEWABLE
 
 
 4
 Sony markets two portable cellular handset telephones, Models CMH-1 and CMH-20. The two models are identical in appearance. This picture shows a Sony portable cellular handset telephone:
 
 
 5
 NOTE: OPINION CONTAINS TABLE OR OTHER DATA THAT IS NOT VIEWABLE
 
 
 6
 Mr. Colida, the patentee, brought suit in district court against Sony, and others for infringement of his design patent. Sony moved for summary judgment, alleging noninfringement and attacking the validity of the patent on two grounds--functionality and anticipation. The district court concluded that Sony presented evidence supporting its noninfringement and validity motions and that Colida did not proffer any evidence that would raise a genuine issue of material fact on noninfringement or validity.
 
 DISCUSSION
 
 7
 This court reviews summary judgment de novo. Avia Group Int'l, Inc. v. L.A. Gear Cal., Inc., 853 F.2d 1557, 1561, 7 USPQ2d 1548, 1551 (Fed.Cir.1988). Thus, making all inferences in favor of the nonmoving party, this court must ascertain whether the evidence presents a genuine conflict on material issues. Id. at 1560-61.
 
 
 8
 The Supreme Court established the proper test for design patent infringement in Gorham Co. v. White, 81 U.S. (14 Wall.) 511 (1871):
 
 
 9
 [T]hat if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other.
 
 
 10
 Id. at 528; Lund Indus. v. Go Indus., 938 F.2d 1273, 1276 (Fed.Cir.1991).
 
 
 11
 Thus, an infringement analysis first examines the overall similarities and differences between the '184 patent and Sony's telephones. The Sony telephones will not infringe unless substantially similar to the '184 patent. Sun Hill Indus., Inc. v. Easter Unlimited, Inc., 48 F.3d 1193, 1196, 33 USPQ2d 1925, 1926 (Fed.Cir.1995). Moreover, because design patents do not protect a functional element, Sony's telephones do not infringe by merely copying the functional features of the '184 patent. Id. at 1197-98.
 
 
 12
 The trial court concluded that Mr. Colida had not shown a genuine issue of material fact regarding Sony's arguments. The only evidence that Mr. Colida proffered was a letter by an attorney discussing relevant caselaw, a comparison of Sony's telephones and Mr. Colida's design, and an assessment of probable successful litigation. The trial court found that the letter did not controvert Sony's undisputed material facts, but merely gave Mr. Colida an opinion of the merits of his case. Therefore, the trial court correctly granted Sony's summary judgment of noninfringement.
 
 
 13
 Next this court considers the trial court's summary judgment of invalidity. The issuance of the '184 patent creates a presumption of nonfunctionality. 35 U.S.C. Sec. 282. Thus, Sony bears the burden of showing a prima facie case of functionality. If Sony establishes a prima facie case of functionality, the burden shifts to Mr. Colida to present contrary evidence. Stratoflex, Inc. v. Aeroquip Corp., 713 F.2d 1530, 1534, 218 USPQ 871, 875 (Fed.Cir.1983).
 
 
 14
 Design patent protection promotes the decorative arts. Thus, to gain patent protection, a design patent must claim primarily ornamental rather than primarily functional features. Avia, 853 F.2d at 1563. A design is deemed functional if the appearance of the claimed design is 'dictated by' the use or purpose of the article. Power Controls Corp. v. Hybrinetics, Inc., 806 F.2d 234, 238, 231 USPQ 774, 777 (Fed.Cir.1986).
 
 
 15
 In reviewing a record for functionality, this court considers the overall appearance of the '184 patent design rather than each separate feature. L.A. Gear, Inc. v. Tom McAn Shoe Co., 988 F.2d 1117, 1123, 25 USPQ2d 1913, 1917 (Fed.Cir.), cert. denied, 114 S.Ct. 291 (1993). Thus, a design patent may have functional features which in combination with ornamental features show an overall patentable ornamental design.
 
 
 16
 Sony contends that Mr. Colida's deposition testimony shows that the '184 patent design is primarily functional because it fits the contours of a user's face. To the contrary, the prior art references proffered by Sony, U.S. Design Patent Nos. 283,709 (the '709 patent) and 255,681 (the '681 patent), show more than one way to perform this function. For instance, Figure 1 of the '709 patent depicts the following handset:
 
 
 17
 NOTE: OPINION CONTAINS TABLE OR OTHER DATA THAT IS NOT VIEWABLE
 
 
 18
 Figure 1 of the '681 patent also shows a similar handset:
 
 
 19
 NOTE: OPINION CONTAINS TABLE OR OTHER DATA THAT IS NOT VIEWABLE
 
 
 20
 The figures from the '709 and '681 patents both depict telephone handsets adapted to fit the contours of a user's face. These two alternative designs which perform the same function as the curved design of the '184 patent, illustrate that the '184 patent's particular design may not be essential to the use of the article. See L.A. Gear, 988 F.2d at 1123.
 
 
 21
 This evidence suggests that Sony has not shown a prima facie case of functionality. Accordingly, the trial court erred in granting summary judgment on functionality.
 
 
 22
 The basic test for anticipation--"that which infringes if later anticipates if earlier"--Polaroid Corp. v. Eastman Kodak Co., 789 F.2d 1556, 1573, 229 USPQ 561, 574 (Fed.Cir.), cert. denied, 479 U.S. 850 (1986) (quoting Peters v. Active Mfg. Co., 129 U.S. 530, 537 (1889)), applies for design patents. A design patent, however, protects a unitary appearance. In other words, every aspect of the design contributes to the overall appearance. A court must not, in comparing a patented design to prior art, break it down into its separate components. In re Salmon, 705 F.2d 1579, 1582, 217 USPQ 981, 984 (Fed.Cir.1983). Thus, this court compares the overall appearance of the '184 patent design with the overall appearance of a prior art reference. If the prior art reference merely suggests the components of the '184 patent design but not its overall appearance, the design is not anticipated under section 102.
 
 
 23
 Sony alleges that two design patents not considered by the patent examiner show the features of the '184 patent design. Despite this claim, Sony only explicitly refers to U.S. Design Patent No. 304,940 (the '940 patent). Because no other prior art references are part of the record before this court, our analysis focuses solely on the '940 patent.
 
 
 24
 The '940 patent claims an ornamental design for a combination telecommunication set. Figure 1 of the '940 patent shows:
 
 
 25
 NOTE: OPINION CONTAINS TABLE OR OTHER DATA THAT IS NOT VIEWABLE
 
 
 26
 Sony supports its anticipation defense with Mr. Colida's deposition testimony that the '940 patent depicted a telephone with the same curvature as the '184 patent design, and that it was very possible that the '940 patent design infringed the '184 patent. However, Sony did not mention that Mr. Colida also stated that he could not reach a conclusion regarding infringement until he examined the '940 design as a whole.
 
 
 27
 Moreover, a visual comparison of the design in the '940 patent and the '184 patent reveals at least seven different features: (1) the '940 patent's handset curves to a greater degree than the '184 patent design; (2) the '940 design consists of the handset and a base, the '184 patent only a handset; (3) the '940 patent design does not depict a display screen on the handset, the '184 patent design does; (5) the '940 patent does not depict the shape of buttons for dialing, the '184 patent depicts round buttons for dialing on the handset; (6) the '940 patent design has no round volume control button, the '184 patent design does; and (7) the '940 patent design appears longer and thinner than the '184 patent design.
 
 
 28
 The record demonstrates that the overall appearance of the '184 patent design does not confusingly resemble the overall appearance of the '940 patent design. On this point, genuine issues of fact remain. Construing the record to resolve ambiguities in favor of the non-movant, this court concludes that the trial court erred in granting summary judgment on anticipation.
 
 CONCLUSION
 
 29
 Without a genuine issue of material fact, Sony deserves judgment as a matter of law on Mr. Colida's claim of infringement. However, genuine issues of material fact remain with respect to the validity of the patent. Affirmed-in-part, vacated-in-part, and remanded.
 
 
 
 *
 Colida v. Sony Corp., No. 93 Civ. 573 (N.D.N.Y. Dec. 16, 1994)