# United States Court of Appeals for the Federal Circuit

2005-1253

LAWMAN ARMOR CORPORATION,

Plaintiff-Appellant,

v.

WINNER INTERNATIONAL, LLC
and WINNER HOLDING LLC,

Defendants-Appellees.

Roberta Jacobs-Meadway, Ballard Spahr Andrews & Ingersoll, LLP, of Philadelphia, Pennsylvania, filed a combined petition for panel rehearing and rehearing en banc for plaintiff-appellant. With her on the petition were Lynn E. Rzonca and Corey Field. Of counsel on the petition was David P. Gordon, Gordon & Jacobson, P.C., of Stamford, Connecticut.

Philip J. Moy, Jr., Fay, Sharpe, Fagan, Minnich & McKee, LLP, of Cleveland, Ohio, filed a response to the petition for defendants-appellees. With him on the response was Jude A. Fry.

Christopher V. Carani, McAndrews, Held & Malloy, Ltd., of Chicago, Illinois, filed an amicus curiae brief for the American Intellectual Property Law Association. With him on the brief was Melvin C. Garner, President, American Intellectual Property Law Association, of Arlington, Virginia.

Perry J. Saidman, SAIDMAN DesignLaw Group, of Silver Spring, Maryland, filed an amicus curiae brief for the Industrial Designers Society of America.

Christopher J. Renk, Banner & Witcoff, Ltd., of Chicago, Illinois, filed an amicus curiae brief for NIKE, Inc. With him on the brief was Erik S. Maurer. Also on the brief was Robert S. Katz, of Washington, DC.

Appealed from: United States District Court for the Eastern District of Pennsylvania

Senior Judge Robert F. Kelly

# United States Court of Appeals for the Federal Circuit

2005-1253

LAWMAN ARMOR CORPORATION,

Plaintiff-Appellant,

v.

WINNER INTERNATIONAL, LLC
and WINNER HOLDING LLC,

Defendants-Appellees.

ON PETITION FOR PANEL REHEARING
AND REHEARING EN BANC

Before MICHEL, <u>Chief Judge</u>, NEWMAN, MAYER, LOURIE, RADER, SCHALL, BRYSON, GAJARSA, LINN, DYK, and PROST, <u>Circuit Judges</u>.

<u>O R D E R</u>

A combined petition for panel rehearing and rehearing en banc was filed by the Appellant[1], and a response thereto was invited by the court and filed by the Appellees. The petition for rehearing was referred to the panel that heard the appeal, and thereafter the petition for rehearing en banc, response and amicus curiae briefs were referred to the circuit judges who are authorized to request a poll whether to rehear the appeal en banc. A poll was requested, taken, and failed.

Upon consideration thereof,

IT IS ORDERED THAT:

---

[1] Amicus curiae briefs were filed by:
 1- The American Intellectual Property Law Association.
 2- The Industrial Designers Society of America.
 3- NIKE, Inc.

(1) The petition for panel rehearing is denied in a separate opinion issued simultaneously.

(2) The petition for rehearing en banc is denied.

(3) The mandate of the court will issue on June 7, 2006.

NEWMAN, <u>Circuit Judge</u>, dissents in a separate opinion, in which RADER, and GAJARSA, <u>Circuit Judges</u> join.

NEWMAN, RADER, and GAJARSA, <u>Circuit Judges</u>, would rehear the appeal en banc.

FOR THE COURT

<table>
<tr><td>_May 31,2006_____<br>Date</td><td>s/Jan Horbaly____<br>Jan Horbaly<br>Clerk</td></tr>
</table>

cc:    Roberta Jacobs-Meadway, Esq.
       Philip J. Moy, Jr., Esq.
       Christopher V. Carani, Esq.
       Perry J. Saidman, Esq.
       Christopher J. Renk, Esq.

# United States Court of Appeals for the Federal Circuit

05-1253

LAWMAN ARMOR CORPORATION,

Plaintiff-Appellant,

v.

WINNER INTERNATIONAL, LLC and
WINNER HOLDING LLC,

Defendants-Appellees.

NEWMAN, Circuit Judge, with whom RADER and GAJARSA, Circuit Judges, join, dissenting from denial of the petition for rehearing *en banc*.

The panel, responding to the petition requesting rehearing,[1] has denied the request and reaffirmed its position that a point of novelty in a design patent cannot be a combination of known design elements; that is, a design patent is not valid if it is a combination of known design elements, even if the combination is novel and the design viewed as a whole meets the criteria of unobviousness. This view of design patent law is contrary to the weight of Federal Circuit precedent and, as the several amici curiae point out, will have a seriously adverse effect on design patent law. My concern is the court's

---

[1] Amicus curiae briefs in support of granting the petition were filed by the American Intellectual Property Law Association, the Industrial Designers Society of America, and Nike, Inc.

inaction in recognizing our obligation to provide consistent patent law that can be relied on by inventors, patentees, the Patent and Trademark Office, and the trial courts of the nation.

The panel holds that design patents are not considered from the viewpoint of the design as a whole, and that a novel combination, based on "the overall appearance of a design . . . cannot itself be a point of novelty." Maj. op. at 3. This statement is contrary to many cases in the court's precedent; for example, Litton Systems, Inc. v. Whirlpool Corp., 728 F.2d 1423, 1444 (Fed. Cir. 1984) ("The novelty of the '990 patent consists . . . of the combination on a microwave oven's exterior of a three-stripe door frame, a door without a handle, and a latch release lever on the control panel."); Avia Group Int'l, Inc. v. L.A. Gear California, Inc., 853 F.2d 1557, 1565 (Fed. Cir. 1988) (the point of novelty of the design of the shoe upper was "the combination of saddle, eyestay and perforations"); L.A. Gear v. Thom McAn Shoe Co., 988 F.2d 1117, 1124, 1126 (Fed. Cir. 1993) (the point of novelty resided in the "overall appearance of the combination" although all of the elements of the design were found in the prior art).

Facially conflicting statements were made in the Sun Hill Industries and Winner International cases cited by the panel. Sun Hill Indus., Inc. v. Easter Unlimited, Inc., 48 F.3d 1193 (Fed. Cir. 1995); Winner Int'l Corp. v. Wolo Mfg. Corp., 905 F.2d 375 (Fed. Cir. 1990). These cases too have been relied on by various trial courts, adding to the confusion. These conflicts of law cannot be reconciled. This court has the obligation to resolve such direct conflicts when they arise. Instead, the panel has reaffirmed its holding that a design patent is not valid if it is a combination of known design elements, even when the combination is novel and distinctive. Indeed, the panel's new statement, ante at 3, that

the panel "did not intend to cast any doubt" on prior contrary decisions, shows that we recognize that prior statements of law are in conflict.

The patentability of a design is determined on statutory criteria, as for all patents. The protocol called "point of novelty" has often aided the analysis of the application of these criteria to designs, but it is not a different concept from patentability based on the invention -- the design -- as a whole, and has not replaced the statutory provisions. Contrary to the panel's view, the overall appearance of a design can indeed be novel, and can indeed constitute the patentable novelty.

The <u>amicus</u> <u>curiae</u> point out that many, if not most, design patents are novel combinations of known design elements, and that recognition of a design's overall appearance can constitute a point of novelty, in the usage that has evolved in design patent law. The Patent and Trademark Office grants design patents on this basis. As the <u>amici</u> point out, the panel's decision can have highly disruptive consequences. I am concerned lest the design patent law be placed in unpredictable limbo, for many if not most design patents are novel combinations of known design elements, and design patents are examined and granted on this rationale. If in fact the majority of judges on this court prefers that design patent law be as now stated by this panel -- that a design patent cannot be based on the overall design appearance of a novel combination of design elements; that the overall design cannot be a "point of novelty" and thus cannot be infringed -- we should take the case *en banc* and issue a consistent statement of law, overruling whatever body of precedent is negated.

05-1253                                3